J-S11039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CLIFTON LEE GRAHAM | : | |
| | : | |
| Appellant | : | No. 1265 WDA 2016 |

Appeal from the Judgment of Sentence July 25, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0003363-2015

BEFORE:   OLSON, RANSOM, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 27, 2017**

Appellant Clifton Lee Graham appeals the judgment of sentence entered by the Court of Common Pleas of Erie County.  Appellant challenges the lower court's discretion in imposing his sentence.  We affirm.

In November 2014, Appellant was charged with numerous offenses related to his delivery of heroin and use of a cell phone to further his delivery.  On May 2, 2016, Appellant pled guilty to Delivery of a Controlled Substance[1] and Criminal Use of a Communication Facility[2] and the Commonwealth *nolle prossed* the remaining charges.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S. § 7512(a).

Appellant's sentencing hearing was scheduled for July 25, 2016 at 8:45 a.m. Defense counsel informed the sentencing court that Appellant was aware of the time and date of the hearing. The sentencing court waited for Appellant to arrive until 9:15 a.m. before proceeding to sentence Appellant *in absentia* to two consecutive sentences of fifteen to thirty months incarceration. Both sentences fell within the standard range of the sentencing guidelines. When Appellant arrived at the courthouse at 9:45 a.m., the Sheriff's Office took Appellant into custody. That same day, Appellant filed a post-sentence motion, which the trial court denied. Appellant filed a timely appeal and complied with the lower court's order to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's sole claim on an appeal is his contention that the sentencing court abused its discretion in imposing an unduly harsh sentence by improperly considering Appellant's absence from the hearing. It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set

forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*. Appellant has filed a timely notice of appeal, preserved his sentencing claim before the trial court, and submitted a Rule 2119(f) statement in his appellate brief.

We may now determine whether Appellant has raised a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768, (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

*Id*. (internal citations omitted). This Court has held that a claim that a sentencing court abused its discretion by relying on "impermissible factors" raises a substantial question. *Commonwealth v. Shugars*, 895 A.2d 1270, 1274 (Pa.Super. 2006).

In reviewing this claim, we emphasize the broad discretion given to sentencing courts. "[W]hen reviewing sentencing matters, we must accord

the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." *Commonwealth v. Sierra*, 752 A.2d 910, 915 (Pa.Super. 2000). "A sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will." *Commonwealth v. Allen*, 24 A.3d 1058, 1065 (Pa.Super. 2011).

The sentencing judge fully discussed its reasons for imposing its sentence on the record, indicating that he had thoroughly reviewed Appellant's pre-sentence report and psychological evaluation and took into consideration Appellant's attempt to seek drug treatment. This Court has held that "where the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive. In those circumstances, we can assume the sentencing court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa.Super. 2011) (citing *Commonwealth v. Devers*, 519 Pa. 88, 546 A.2d 12, 18 (1988)).

With respect to Appellant's claim that the sentencing court improperly considered Appellant's failure to attend the sentencing hearing, the court made a passing reference to Appellant's absence in response to defense counsel's assertion that Appellant was committed to seeking drug treatment. The sentencing court noted that, along with Appellant's extensive prior

record, Appellant's failure to attend the sentencing hearing "undermined" Appellant's "amenability to treatment and/or supervision." N.T. Sentencing, 7/25/16, at 7. The sentencing court also indicated that he did not agree with defense counsel's request for a probationary sentence as Appellant's extensive criminal history did not demonstrate that he should have an opportunity to stay in the community, where he was involved in selling heroin to the public. We find no abuse of discretion as the lower court imposed a sentence consistent with the protection of the public, gravity of the offense, and Appellant's rehabilitative needs. *See Caldwell*, *supra*.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  2/27/2017