J-S14044-16

2016 PA Super 39

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| AARON MAURICE BYNUM-HAMILTON, | |
| Appellant | No. 1151 MDA 2015 |

Appeal from the Judgment of Sentence June 5, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0002550-2013, CP-36-CR-0004371-2009, CP-36-CR-0005240-2012, CP-36-CR-0005642-2013

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

OPINION BY STEVENS, P.J.E.:                **FILED FEBRUARY 17, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Lancaster County by the Honorable Jeffrey D. Wright on June 5, 2015, at which time Appellant was sentenced to an aggregate term of seven years to fifteen years in prison following the revocation of his parole and probation.  In addition, Appellant's counsel has filed a petition to withdraw his representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009).  After a careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

*Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history herein are as follows: On September 3, 2014, Appellant participated in a video parole/probation violation hearing. Following its determination that Appellant had knowingly and intelligently waived his right to be personally present and that he had consented to the use of simultaneous audio/video two-way communication in the proceeding, the trial court remarked that serious charges had been brought against Appellant on July 27, 2014, in Chester County, including an attempted homicide charge. N.T., 9/3/14, at 3-4.

Appellant's Probation Officer[1] testified that his period of supervision with Appellant had begun on May 28, 2014, and that while Appellant reported to his scheduled appointments on May 29th and June 11th, he failed to report on July 2nd, July 10th, and July 16th. *Id*. at 5. Appellant tested positive for marijuana and benzodiazepines on July 2nd, and he signed an admission indicating he had ingested marijuana on or about May 27th. *Id*. at 5-6. Due to his past history of violations resulting from new charges, his chronic drug use, and the aggravated nature of the pending charges in Chester County, the Probation Officer recommended that the trial court vacate Appellant's current parole sentence, revoke his probation, and commit him to a state prison. *Id*. at 6. The trial court informed Appellant

---

[1] The Probation Officer's proper name does not appear in the hearing transcript.

he had an "absolute right" to make a statement, and Appellant twice indicated he had nothing else to say. *Id*. at 5.

At the conclusion of the hearing, the trial court found Appellant to be in violation of his probation and parole on Information: 4371 of 2009, Counts 1 and 2; 5240 of 2012; 2550 of 2013; and 5642 of 2013, Count 2. After ordering all of his probation and parole revoked, the trial court further directed the Lancaster County Department of Probation and Parole to prepare a Presentence Investigation (PSI) report and provide it to the court within sixty days. The trial court also requested that the PSI report contain an itemization of all time Appellant had spent incarcerated on each of the dockets and counts at issue. Appellant declined the trial court's offer for him to discuss the matter in confidence with defense counsel. *Id*. at 6-7.

Appellant's probation/parole violation sentencing hearing was held on June 5, 2015. At the outset, Probation Officer Elizabeth Buckwalter indicated that Defense Counsel Kathleen M. Morrison, Esquire, and Appellant had signed a stipulation form on September 3, 2014, and Attorney Morrison stated she had received the PSI report and reviewed it with Appellant two days earlier in Lancaster County Prison. She represented that Appellant did not have any questions about the PSI report or concerns regarding the information contained therein. The sentencing court informed Appellant he had an "absolute right" to make a statement regarding counsel's assertions; however, Appellant declined the opportunity to do so. N.T., 6/5/15, at 2.

- 3 -

Attorney Morrison added that Appellant had been tried and sentenced to five years to ten years in prison in Chester County;[2] however, she stressed the PSI report revealed Appellant suffered from significant mental health issues from a young age and had been diagnosed with bipolar disorder as a teenager. She requested that the sentencing court end county supervision in light of the fact that Appellant would be on state supervision for the next ten years. In the alternative, she urged the sentencing court to run any state prison sentence it might impose upon Appellant concurrently with the prison term he would be serving in Chester County. *Id*. at 3.

In response, the sentencing court indicated that any sentence it orders must be consistent with the law which requires it to consider the gravity of the offenses, the protection of the public, and Appellant's rehabilitative needs. *Id*. The sentencing court explained that it had contemplated the nature of and circumstances surrounding the underlying offenses, the PSI report, information provided by counsel, its independent observations and Appellant's history and conduct while on supervision. *Id*. at 4. The sentencing court stressed that Appellant at age twenty-three showed sufficient maturity and intelligence to comprehend the significance of his actions, had worked just one day in his life, and had paid nothing toward the fines and costs pending on Docket 4371 of 2009 for over two and one-half

---

[2] On February 10, 2015, Appellant was convicted of one count of aggravated assault and sentenced to five years to ten years in a state prison.

- 4 -

years or toward the other three dockets. *Id*. The sentencing court further highlighted Appellant's extensive criminal record including ten juvenile adjudications one of which involved his being tried as an adult on Docket 4371 of 2009 for a theft of firearms and that he committed this crime while still on court-ordered juvenile supervision.

Additionally, the sentencing court explained that since turning eighteen, Appellant had garnered five additional convictions and the instant matter was his fifth parole violation, four of which involved his being charged with new crimes. In addition, while on adult supervision, Appellant failed to follow through with court-mandated evaluations or treatments and instead continued to use illegal drugs revealing "a myriad of rule violations, defiant and noncompliant behavior." *Id*. at 5. After detailing the above, the sentencing court stated the following before handing down its aforementioned sentence:

> I have considered the extremely comprehensive and detailed PSI, the character of [Appellant], arguments of his counsel. In light of [Appellant's] utter refusal or inability to comply with the terms and conditions of probation or parole that this Court has imposed upon him, total confinement is warranted and, indeed, essential to vindicate the authority of the Court.
> Conduct of [Appellant] indicates it is not just probable but it appears to be absolutely certain he will commit more crimes if given another sentence of probation or partial confinement.
> Probation has proven to be an ineffective vehicle to accomplish rehabilitation and an insufficient deterrent against further antisocial behavior. Incarceration is warranted because a lesser sentence would depreciate the seriousness of the underlying crimes and his ongoing defiance of this Court and I believe he is in need of treatment which can be most effectively

provided by his commitment to an institution in a non-community setting.

*Id*. at 5-6. The sentencing court proceeded to resentence Appellant as follows:

> On 4371 of 2009, 7 to 15 years, SCI, but credit for 1,489 days; on 5240 of 2012, two and a half to five years, SCI, credit for 559 days; on 5642 of 2013, Count 2, two and a half to five years, SCI, credit for 520 days; on 2550 of 2013, unexpired balance of the max sentence but paroled immediately without petition to the detainer of the state sentences.
> This sentence is concurrent with the state sentence received on Chester County Docket 2669 of 2014.
> [Appellant] is to be made eligible for any drug and alcohol, psychological, educational and/or vocational programs at his assigned SCI, and a copy of the presentence investigation will be delivered to his assigned SCI and made part of this record as well.

*Id*. at 6.

Appellant filed a counselled post sentence motion on June 12, 2015, and the sentencing court denied the motion on June 15, 2015. Appellant filed a timely notice of appeal on July 8, 2015, and on that same day, the sentencing court filed its Order pursuant to Pa.R.A.P. 1925. On July 29, 2015, appellate counsel filed his "Statement of Intent to File **Anders**/**McClendon** Brief In Lieu of Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(c)(4)." **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). In its Answer filed on August 5, 2015, the Commonwealth indicated it would not be filing a substantive response.

In its Order of August 7, 2015, upon consideration of counsel's having filed pursuant to Pa.R.A.P. 1925(c)(4) a Statement of Intent to File **Anders**/**McClendon** Brief in Lieu of Statement of Errors Complained of on Appeal and the Commonwealth's response thereto, the sentencing court directed the Clerk of Courts to transmit the record to this Court.

Appellate counsel filed his petition for leave to withdraw as counsel and **Anders** brief on November 16, 2015.[3] We first consider that petition.

> When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Before counsel is permitted to withdraw, he or she must meet the following requirements:

> > First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

> **Santiago**, 602 Pa. at 178–79, 978 A.2d at 361.[FN2]

> FN2. The requirements set forth in **Santiago** apply to cases where the briefing notice was issued after August 25, 2009, the date the **Santiago** opinion was filed. As the briefing notice in this case was issued after **Santiago** was filed, its requirements are applicable here.

_____

[3] In response, on November 25, 2015, the Commonwealth informed this Court it would not be filing a brief herein.

*Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super. 2012).

Herein, we have reviewed counsel's petition for leave to withdraw, counsel's correspondence wherein he summarized the issues he believed Appellant wished to raise on appeal and advised Appellant of his absolute right to proceed *pro se* or with privately retained counsel, and the *Anders* brief counsel prepared.[4]  These documents satisfy us that counsel has complied with all of the foregoing requirements.  We, therefore, turn to the issues of arguable merit counsel presented in his *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Santiago*, *supra*.

Appellant first questions whether his aggregate sentence of seven years to fifteen years' incarceration was excessive.  This issue concerns a challenge to the discretionary aspects of Appellant's sentence.  A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right.  *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super. 2011)  An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3)

---

[4] Appellant has not responded to the application to withdraw as counsel.

whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f);[5] and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b). *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa.Super. 2006).

Although counsel has not included the requisite Pa.R.A.P. 2119(f) statement in his *Anders* brief herein, "[w]here counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement.  Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." *Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa.Super. 2015) (citations omitted).  In addition, a determination of what constitutes a substantial question must be evaluated on a case-by-case basis and such question exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process. *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super. 2011).

---

[5] In pertinent part, this Rule requires an appellant challenging the discretionary aspects of his sentence to set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of the sentence; such statement shall immediately precede the argument on the merits.  Pa.R.A.P. 2119(f).

Upon revoking one's probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that the defendant has been convicted of another crime, his conduct indicates it is likely he will commit another crime if he is not imprisoned, or such a sentence is essential to vindicate the court's authority of the court. 42 Pa.C.S.A. § 9771(c). Section 9721, which governs sentencing generally, provides that in all cases where the court "resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." *Id.* Failure to comply with these provisions "shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id.* Additionally, this Court has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.,* the circumstances of the offense, and the character of the offender. ***Commonwealth v. DeLuca***, 418 A.2d 669, 670 (Pa.Super. 1980).

Upon our review of the sentencing transcript and as the above-quoted language therefrom evinces, we find the sentencing court appropriately detailed on the record its reasons for sentencing Appellant as it did. It had the benefit of a detailed PSI report and heard defense counsel's arguments.

It considered Appellant's bipolar diagnosis and juvenile adjudication history. It found particularly troubling Appellant's inability to abide by the terms and conditions of his probation and parole in the past and the violent nature of his crimes, especially those which led to the instant violation. Therefore, we find no merit to any claim under these circumstances that Appellant's sentence was excessive.

Appellate counsel further directs this Court's attention to the sentencing court's failure to advise Appellant of his appeal rights on the record. Instead, it directed defense counsel to "please take an opportunity to explain to your client his rights to appeal after today." N.T., 6/5/15, at 7. A sentencing court must inform a defendant that an appeal must be filed within thirty days of the entry of its order. *See generally* Pa.R.Crim.P. 704(c) (dealing with a trial court's duty to inform the defendant of his post-sentencing and appellate rights and the time within which such rights must be exercised); *See also Commonwealth v. Wright*, 846 A.2d 730, 735 (Pa.Super. 2004). While the sentencing court failed to apprise Appellant of these rights on the record, defense counsel indicated it would inform Appellant thereof and, in fact, filed a timely post sentence motion and notice of appeal on Appellant's behalf. As such, the trial court's failure to articulate Appellant's appellate rights on the record and request that defense counsel do so clearly did not prejudice Appellant.

Consequently, after an independent review of this appeal, we find Appellant's issues to be frivolous, and we grant counsel's petition to withdraw.

Petition to Withdraw Granted. Judgment of Sentence Affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/17/2016