J-S81036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTOPHER THOMAS SAVARINO | |
| Appellant | No. 1155 EDA 2016 |

Appeal from the Judgment of Sentence March 11, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003271-2013
CP-48-CR-0003273-2013
CP-48-CR-0003309-2014
CP-48-CR-0003370-2014
CP-48-CR-0003371-2014
CP-48-CR-0003488-2014

BEFORE:  BOWES, J., MOULTON, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED JANUARY 03, 2017**

This is an appeal from the judgment of sentence entered by the Court of Common Pleas of Northampton County after the revocation of Appellant Christopher Thomas Savarino's probation.  Appellant argues that the revocation court imposed a manifestly unreasonable sentence.  After careful review, we affirm.

Appellant was originally convicted of two separate charges of retail theft.  On November 22, 2013, Appellant was sentenced to three to twenty-three months imprisonment to be followed by two years of probation for the

_____

[*] Former Justice specially assigned to the Superior Court.

first conviction of retail theft (case 3273-2013). On November 26, 2013, Appellant was sentenced to six to twelve months imprisonment to be followed by one year of probation for another retail theft conviction (case 3271-2013).

On January 9, 2015, Appellant's probation was revoked at the two aforementioned dockets after he was arrested for the possession of heroin and drug paraphernalia. As a result of these violations, Appellant's probation was revoked and restarted in cases 3273-2013 and 3271-2013, to run consecutive with his other sentences. That same day, Appellant received original sentences for the underlying crimes that constituted violations of his probation. For his convictions for possessing heroin, Appellant was sentenced to two concurrent terms of 11 months, 29 days to 23 months, 28 days imprisonment (cases 3309-2014 and 3370-2014). For convictions for possessing drug paraphernalia, Appellant was sentenced to 11 months, 29 days to 23 months, 28 days imprisonment (cases 3371-2014 and 3488-2014), which were set to run consecutive to all of Appellant's other sentences.

On March 11, 2016, Appellant was again found to be in violation of his probation for failing to comply with the following probation requirements: reporting to authorities, submitting to random urine screens, undergoing drug and alcohol treatment, abstaining from the use of drugs, and paying his costs and fines. The trial court sentenced Appellant as follows:

In case 3370-2014, [Appellant's] street time was removed and he was sentenced to serve the balance of his sentence in a State Correctional Institution. In each of cases 3371-2014, 3488-2014, and 3271-2013, he was sentenced 6-12 months of incarceration, consecutive to 3370-2014. In case 3309-2014, his street time was removed and he was sentenced to serve the balance of his sentence, concurrent to the above sentences. And in case 3273-2013, he was sentenced to another 1-2 years of incarceration concurrent to the above sentences, for an aggregate sentence of 30 months to 48 months, with the opportunity to be released after 22 and one half months pursuant to the RRRI program.

Trial Court Opinion, 5/20/16, at 3. This timely appeal followed. Appellant complied with the lower court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant claims that the trial court imposed a manifestly unreasonable sentence as a "lesser term of total confinement would have addressed the Appellant's rehabilitative needs as well as protection of the public and gravity of the offense." Appellant's brief, at 6. It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed

from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). ***Id***. Appellant has filed a timely notice of appeal, preserved his sentencing claim before the trial court, and submitted a Rule 2119(f) statement in his appellate brief.

However, Appellant's claim fails as he has not presented a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
> ***
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

***Id***. (internal citations omitted).

Appellant does not claim that the revocation court failed to adequately consider his rehabilitative needs along with the protection of the public and the gravity of the offense. He argues that the trial court could have given him a lesser sentence that achieved these goals. He argues that the trial court should have given him a "less excessive" sentence and suggests that he would have preferred a sentence of 12 to 24 months' imprisonment

instead of the 30 to 48 month sentence that he received. Appellant's bald claim of excessiveness does not constitute a substantial question for review. *See Commonwealth v. Zeigler*, 112 A.3d 656, 662 (Pa.Super. 2015) (finding that "[g]enerally, a bald excessiveness claim does not raise a substantial question"). As a result, we decline to review this claim further.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/3/2017