J-S19037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARLA MARIE CARRINGTON | : | |
| | : | |
| Appellant | : | No. 1459 MDA 2016 |

Appeal from the Judgment of Sentence April 19, 2016
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000941-2014

BEFORE:   GANTMAN, P.J., BENDER, P.J.E., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 29, 2017**

Appellant Darla Marie Carrington appeals the judgment of sentence entered by the Court of Common Pleas of Dauphin County after Appellant pled guilty to third-degree murder.  Appellant claims the trial court abused its discretion in imposing a manifestly excessive sentence.  We affirm.

Appellant's guilty plea in connection with the murder of Dennis Green ("the victim") was based on the following facts: Appellant met the victim, who was a cab driver, after he had provided her transportation.  On January 4, 2014, Appellant invited the victim to her residence where both individuals then proceeded to smoke crack cocaine while Appellant's minor daughters, ages eight and four, slept in a nearby bedroom.

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant contends that, while under the influence of cocaine, she perceived that the victim was attempting to rape her and wanted to rape her daughters as well. In response, Appellant violently attacked the victim, admitting that she hit him several times with a hammer and repeatedly stabbed him with a kitchen knife. Appellant's eight-year-old daughter told the police that she watched as her mother, who was covered in blood, strangled the victim. This statement was corroborated by the victim's autopsy, which revealed evidence of strangulation along with six stab wounds and multiple abrasions, bruises, and cuts. Appellant did not sustain any injuries from the alleged rape attempt.

Appellant's plea agreement provided that Appellant's minimum sentence would be determined by the lower court but would fall in the range of thirteen to twenty years imprisonment. Appellant's maximum sentence would then be calculated as twice Appellant's minimum sentence. The sentencing guidelines recommended a standard range sentence of 7½ to 10 years' imprisonment.

Sentencing was deferred for the completion of a presentence report. At sentencing, the lower court heard oral argument and victim impact statements. The defense asked for leniency, given that Appellant had a traumatic childhood, had been subjected to physical and sexual abuse, had mental health issues, and turned to alcohol and drugs to self-medicate. The prosecution emphasized the violent nature of the attack and Appellant's history of drug use and violence, which included a 2011 guilty plea to simple

assault in which Appellant stabbed a man who she mistakenly believed was trying to rape her.

At the conclusion of the hearing, the lower court sentenced Appellant to twenty to forty years' imprisonment, which was the upper limit of Appellant's plea agreement and the statutory maximum. Appellant filed a post-sentence motion, which the trial court subsequently denied. This timely appeal followed. Appellant complied with the lower court's direction to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant's sole claim on appeal is that the trial court abused its discretion in imposing a manifestly excessive sentence. It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). ***Id***. Appellant has filed a timely notice of appeal,

preserved her sentencing claim before the trial court, and submitted a Rule 2119(f) statement in her appellate brief.

We may now determine whether Appellant has raised a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

*Id*. (internal citations omitted).

Specifically, Appellant claims that the imposition of the statutory maximum in this case was "clearly unreasonable" alleging that the sentencing court did not consider various mitigating factors, including her troubled past, mental health issues, substance abuse, and her description of the murder as simply "overreacting" to the victim's advances. Appellant's Brief at 15. This Court has held that an appellant's allegation that the sentencing court imposed an aggravated range sentence without consideration of mitigating circumstances raises a substantial question.

- 4 -

*Commonwealth v. Felmlee*, 828 A.2d 1105, 1107 (Pa.Super. 2003) (*en banc*). As a result, we find Appellant has raised a substantial question for our review.

However, Appellant's challenge to the discretionary aspects of her sentence clearly fails on the merits. Prior to imposing Appellant's sentence, the lower court indicated that it had reviewed the sentencing guidelines, defense counsel's sentencing memorandum, and a presentence investigation report. "[W]here the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1038 (Pa.Super. 2016). Further, the trial court stated on the record it imposed the aggravated sentence based on the circumstances of the case, the protection of the public, and the need to provide Appellant rehabilitation for her mental health and the various other issues she faces. Accordingly, we cannot find the court abused its discretion in imposing its sentence of twenty to forty years' imprisonment.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/29/2017

- 5 -