J-S46037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EDWIN MORALES | : | |
| | : | |
| Appellant | : | No. 1996 MDA 2016 |

Appeal from the Judgment of Sentence October 17, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s):  CP-36-CR-0000293-2016,
CP-36-CR-0000344-2015

BEFORE:    BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED AUGUST 14, 2017**

Appellant Edwin Morales appeals from the judgment of sentence entered by the Court of Common Pleas of Lancaster County after Appellant entered guilty pleas for multiple offenses on two separate dockets. Appellant contends the lower court abused its discretion in imposing an excessive sentence.  We affirm.

On July 22, 2014, officers executed a traffic stop of Appellant's BMW after Appellant failed to properly use a turn signal.  In the course of this stop, officers found Appellant was in possession of 12.76 grams of cocaine. Appellant gave the officers his brother's name when asked for identification.

_____

[*] Former Justice specially assigned to the Superior Court.

After his arrest and arraignment, Appellant was released after he posted $100,000 cash bail.

While on bail, officers again observed Appellant failing to use his turn signal on January 8, 2015. After the officers pulled Appellant over for this violation, they arrested him for an outstanding warrant for a charge of Possession with Intent to Deliver a Controlled Substance (PWID). On January 9, 2015, officers executed a search warrant of Appellant's BMW and recovered a Taurus 9 mm semi-automatic handgun in the center console of the vehicle. Appellant was not permitted to have a firearm due to a 2007 conviction of a felony drug offense.

On January 8, 2016, Appellant pled guilty to PWID, providing false identification to law enforcement, driving with a suspended license, and a summary traffic violation in connection with his July 22, 2014 arrest. These charges were docketed at CP-36-CR-0000344-2015. On July 12, 2016, Appellant pled guilty to persons not to possess a firearm and possession of a firearm without a license in connection with his January 8, 2015 arrest. These charges were docketed at CP-36-CR-0000293-2016. Sentencing was deferred for the preparation of a pre-sentence report.

On October 17, 2016, the lower court held a sentencing hearing on both dockets. With respect to docket 344-2015, the sentencing court imposed thirty-three (33) to sixty-six (66) months' imprisonment on the PWID charge, a concurrent one year term of probation for the false identification charge, and fines and costs for the remaining offenses. With

respect to docket 293-2016, the sentencing court imposed six to twelve years' imprisonment on the persons not to possess charge and a concurrent five to ten years' on the possession of firearm without a license charges. As the lower court determined that the sentences on each docket would be served consecutively, Appellant received an aggregate sentence of 105 to 210 months' imprisonment (or 8¾ to 17½ years imprisonment). Appellant filed a motion for reconsideration of his sentence, which the lower court denied. Appellant filed a timely appeal and complied with the lower court's direction to file a concise statement of errors complained of on appeal.

In his statement of questions presented in his appellate brief, Appellant raises one issue for our review, claiming that the "sentence imposed by the court [was] so manifestly excessive as to constitute too severe a punishment, clearly unreasonable under the circumstances of this case and not consistent with the protection of the public, the gravity of the offenses, and [Appellant's] rehabilitative needs." Appellant's Brief, at 5.

It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief

does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*. Appellant filed a timely notice of appeal, preserved his sentencing claim before the trial court, and submitted a Rule 2119(f) statement in his appellate brief.

We may now determine whether Appellant has raised a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

*Id*. (internal citations omitted). "This Court has previously found a substantial question to be raised where an appellant alleged that the sentencing court...failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of appellant[.]" *Commonwealth v. Serrano*, 150 A.3d

470, 473 (Pa.Super. 2016) (citation omitted). As a result, we find Appellant has raised a substantial question for our review.

In reviewing a challenge to the discretionary aspects of sentence, we emphasize that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted). In reviewing the sentence, an appellate court shall have regard for: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the opportunity of the sentencing court to observe the defendant, including any presentence investigation; (3) the findings upon which the sentence was based; and (4) the guidelines promulgated by the commission. *See* 42 Pa.C.S.A. § 9781(d)(1)–(4).

A sentence may be found to be unreasonable if it fails to properly account for these four statutory factors, or if it "was imposed without express or implicit consideration by the sentencing court of the general standards applicable to sentencing" as set forth in 42 Pa.C.S.A. § 9721(b). *Commonwealth v. Walls*, 592 Pa. 557, 569, 926 A.2d 957, 964 (2007).

Moreover, "a trial court is required to state its reasons for the sentence on the record." 42 Pa.C.S. § 9721(b). "This requirement can be satisfied by the trial court indicating, on the record, that it has been informed by a pre-sentence report." *Commonwealth v. Pennington*, 751 A.2d 212, 217 (Pa.Super. 2000).

In this case, the lower court imposed standard range sentences on each count after reviewing the record and the pre-sentence investigation report. We observe that:

> [w]here the sentencing court had the benefit of a presentence investigation report ("PSI"), we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. Further, where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code.

*Commonwealth v. Griffin*, 65 A.3d 932, 937 (Pa.Super. 2013) (citations and internal quotation marks omitted). Discerning no abuse of discretion by the lower court, we will not disturb Appellant's sentence on appeal.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2017

- 6 -