J-S46036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY JAMES HANNIGAN | : | |
| | : | |
| Appellant | : | No. 82 MDA 2017 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000009-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY JAMES HANNIGAN | : | |
| | : | |
| Appellant | : | No. 83 MDA 2017 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000007-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY JAMES HANNIGAN | : | |
| | : | |
| Appellant | : | No. 84 MDA 2017 |

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000001-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY JAMES HANNIGAN :
:
Appellant : No. 85 MDA 2017

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000522-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY J. HANNIGAN :
:
Appellant : No. 86 MDA 2017

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000477-2015

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY JAMES HANNIGAN :
:
Appellant : No. 87 MDA 2017

Appeal from the Judgment of Sentence November 9, 2016
In the Court of Common Pleas of Wyoming County
Criminal Division at No(s): CP-66-CR-0000476-2015

J-S46036-17

BEFORE:     BOWES, OLSON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED AUGUST 14, 2017**

Appellant Timothy James Hannigan appeals the judgment of sentence entered by the Court of Common Pleas of Wyoming County after Appellant pled guilty to numerous counts of burglary and criminal conspiracy to commit burglary. Appellant claims the lower court should have imposed concurrent sentences instead of consecutive sentences as Appellant committed the offenses in a crime spree. We affirm.

On August 10, 2015, Appellant, along with Justin Kowalewski and James Skaluba, committed two burglaries in Eaton Township, breaking into Bill's Used Tires and the New Shoe Store with intent to commit theft. On August 11, 2015, Appellant, individually or along with Justin Kowalewski and James Skaluba, committed two burglaries in Tunkhannock Borough, breaking into Liberty Tax Services and Deer Park Lumber with intent to commit theft. On the same day, Appellant, along with Justin Kowalewski and James Skaluba, attempted to burglarize Tioga Street Laundry in Tunkhannock Borough, but were unable to gain entry. On August 15, 2015, Appellant, individually or with an accomplice, committed one burglary in Tunkhannock Borough, breaking into Harding's Dairy Bar with intent to commit theft. No one was present in any of the businesses when the burglaries were committed.

_____

[*] Former Justice specially assigned to the Superior Court.

- 3 -

Appellant was charged with each burglary or attempted burglary along with multiple counts of conspiracy to commit burglary, criminal trespass, theft by unlawful taking, and criminal mischief.  While the parties sought to allow Appellant to plead guilty to three counts of burglary, the lower court entered an order on May 2, 2016, rejecting this plea agreement.

On September 2, 2016, Appellant entered a new plea agreement to four counts of burglary (18 Pa.C.S.A. § 3502(a)(4)) and two counts of conspiracy to commit burglary (18 Pa.C.S.A. § 903).  Appellant also agreed to pay restitution to the victims.  The lower court accepted this guilty plea. On November 9, 2016, the lower court sentenced Appellant as follows:

> CR-476-2015 [Burglary - Liberty Tax Service]: 16-36 months in state prison with 454 days' credit;
> CR-477-2015 [Criminal Conspiracy to Commit Burglary - Tioga Street Laundry]: 12-24 months in state prison to run consecutive to CR-476-2015;
> CR-522-2015 [Burglary - Deer Park Lumber]: 12-24 months in state prison to run consecutive to CR-477-2015;
> CR-1-2016: [Burglary - Harding's Dairy Bar]: 16-36 months in state prison to run consecutive to CR-522-2015;
> CR-9-2016 [Criminal Conspiracy to Commit Burglary - New Shoe Store]: 16-36 months in state prison to run consecutive to CR-1-2016; and
> CR-7-2016 [Burglary- Bill's Used Tires]: 12-24 months in state prison to run consecutive to CR-9-2016.

Trial Court Opinion, 3/6/17, at 4.  The remaining charges were *nol prossed*. As a result, Appellant received an aggregate sentence of seven to fifteen years' imprisonment.  Appellant filed a timely motion for reconsideration, in which the trial court amended the imposed restitution amounts but denied the remainder of the motion.  Appellant filed this timely appeal.

Appellant raises one issue for review on appeal, claiming the trial court failed to "acknowledge that several of the crimes constituted a crime spree when it fashioned the sentence such that the sentencing should have incorporated concurrent sentences." Appellant's Brief, at 15. Appellant claims his argument implicates the discretionary aspects of his sentence.

It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*. Appellant filed a timely notice of appeal, preserved his sentencing claim before the trial court, and submitted a Rule 2119(f) statement in his appellate brief.

We may now determine whether Appellant has raised a substantial question for our review.

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable

- 5 -

argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Caldwell*, 117 A.3d 763, 768 (Pa.Super. 2015).

(internal citations omitted).

With respect to a lower court's decision to impose consecutive sentences, our Court has provided the following:

> Although Pennsylvania's system stands for individualized sentencing, the court is not required to impose the "minimum possible" confinement. Under 42 Pa.C.S.A. § 9721, the court has discretion to impose sentences consecutively or concurrently and, ordinarily, a challenge to this exercise of discretion does not raise a substantial question. The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Commonwealth v. Moury*, 992 A.2d 162, 171–72 (Pa.Super. 2010) (citations omitted).

Specifically, Appellant argues that the trial court should have imposed concurrent sentences for burglaries he committed on a "spree," which he defines as crimes committed on "the same date, at approximately the same time, in close proximity to one another and without law-abiding behavior in between." Appellant's Brief, at 23. As a result, Appellant contends that the trial court should have imposed concurrent sentences with respect to the two burglaries he committed on August 11, 2015 at Bill's Used Tires and the New Shoe Store. Appellant also contends the trial court should have imposed concurrent sentences with respect to the August 12, 2015 burglaries and

attempted burglary of Deer Park Lumber, Liberty Tax Service, and Tioga Street Laundry.

Despite Appellant's suggestion that he should be rewarded for committing multiple burglaries in a short period of time, Appellant is not entitled to a "volume discount" for his crimes by having all sentences run concurrently. *See Commonwealth v. Hoag*, 665 A.2d 1212 (Pa.Super. 1995). Other than this bald assertion, Appellant makes no attempt to articulate any other reasons why the consecutive sentences in this case are unreasonable. *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa.Super. 2013) (providing that a "bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question"). As such, Appellant has not raised a substantial question for our review. Accordingly, we conclude that Appellant's challenge to the discretionary aspects of his sentence is meritless.

Judgment of sentence affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/14/2017

- 7 -