J-S51040-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHELLE WHITE | : | |
| | : | |
| Appellant | : | No. 3767 EDA 2016 |

Appeal from the Judgment of Sentence August 1, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0005484-2013

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED OCTOBER 13, 2017**

Appellant Michelle White appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County after Appellant pled guilty to third-degree murder and conspiracy to commit third-degree murder.  We vacate the judgment of sentence and remand for resentencing.

Appellant was charged with the aforementioned offenses in connection with the February 6, 2013 shooting death of Kiree Harris ("the victim").  On that particular day, Appellant's father began to argue with Omar Simmons and several of his friends over a $20 debt.  Upon seeing the fight, Appellant contacted Edwin and Evan Davis, who were the brothers of her children's father.  When the Davis brothers arrived at Appellant's residence, they took

_____

[*] Former Justice specially assigned to the Superior Court.

out handguns, placed them on Appellant's table, polished their bullets, and loaded the guns in Appellant's presence. Appellant told the Davis brothers to "take care of some business" and directed them to the apartment complex where Simmons lived. N.T. 12/23/13, at 14-15.

The Davis brothers asked Richard Boyle to accompany them to Simmons' apartment. Boyle knocked on Simmons' door as Simmons would not have recognized him. When no one answered the door, the Davis brothers fired multiple gunshots through the door, striking the victim, who had no involvement in the fight between Appellant's father and Simmons. The victim died as a result of two gunshot wounds to the torso.

The record contains evidence that Appellant observed the shooting occur as Appellant gave the following statement to police:

> [M]e and Evan was standing in the doorway to the second floor. Paul had Richie knock on the door on B floor. As Richie was knocking, me and Evan was walking to the apartment. I walked past the apartment and everyone else stayed at the apartment. From where I was standing I could still see them. One of them kicked the door. Then I heard another bang like somebody else kicked the door. Then I saw Edwin and Evan shooting at the door.

Exhibit C-1, Appellant's statement, 2/7/13, at 3.

On December 23, 2013, Appellant entered an open plea agreement to third-degree murder and conspiracy to commit third-degree murder. Appellant cooperated with the prosecution and testified against her three co-defendants and at the retrial of one of these defendants. On August 1, 2016, the lower court sentenced Appellant to eight to sixteen years'

imprisonment for the murder charge and a consecutive one to two year imprisonment term for the conspiracy charge. On August 3, 2016, Appellant filed a motion for reconsideration of her sentence, which was subsequently denied. This timely appeal followed.

Appellant raises the following issues for our review:

1. Did not the sentencing court err as a matter of law by misapplying the deadly weapons "used" sentencing enhancement guidelines when imposing Appellant's sentence, where the record is clear that someone other than [A]ppellant used a weapon during the commission of the crime?

2. Did not the sentencing court err as a matter of law, abuse its discretion and violate general sentencing principles when, following Appellant's guilty plea and substantial and significant cooperation throughout two trials for the co-defendants, the sentencing court imposed a manifestly excessive and unreasonable sentence of 9 to 18 years of incarceration, where the court failed to appropriately consider the relevant sentencing factors, failed to impose an individualized sentence and focused solely on the gravity of the offense?

Appellant's Brief, at 4.

In her first issue, Appellant challenges the trial court's application of the deadly weapons enhancement guidelines as she did not use a firearm in the commission of the offense. Appellant's challenge to the application of the deadly weapons enhancement matrix implicates the discretionary aspects of sentence. *Commonwealth v. Phillips*, 946 A.2d 103, 111 (Pa.Super. 2008). It is well-established that "[a] challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right." *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184

(Pa.Super. 2016). In order to invoke this Court's jurisdiction to address such a challenge, the appellant must satisfy the following four-part test: the appellant must (1) file a timely notice of appeal pursuant to Pa.R.A.P. 902, 903; (2) preserve the issues at sentencing or in a timely post-sentence motion pursuant to Pa.R.Crim.P. 720; (3) ensure that the appellant's brief does not have a fatal defect as set forth in Pa.R.A.P. 2119(f); and (4) set forth a substantial question that the sentence appealed from is not appropriate under the Sentencing Code under 42 Pa.C.S. § 9781(b). *Id*. Appellant filed a timely notice of appeal, preserved her sentencing claim before the trial court at sentencing, and submitted a Rule 2119(f) statement in her appellate brief.

We may now determine whether Appellant has raised a substantial question for our review. "The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa.Super. 2015). This Court has provided as follows:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.
>
> When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant. And, of course, the court must consider the sentencing guidelines.

*Id*. (internal citations omitted). This Court has found that a substantial question is raised where an appellant argues that the sentencing court erred in applying the deadly weapons enhancement. *Phillips*, 946 A.2d at 112. Thus, Appellant has raised a substantial question for our review.

In reviewing a challenge to the discretionary aspects of sentence, we emphasize that:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa.Super. 2015) (quotation omitted).

The sentencing code sets forth the following guidelines for the application of the deadly weapon enhancement, which depends on whether the offender "possessed" or "used" a deadly weapon in the commission of the target offense:

> (a) *Deadly Weapon Enhancement.*
>
> (1) When the court determines that the offender **possessed** a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Possessed Matrix (§ 303.17(a)). An offender has possessed a deadly weapon if any of the following were on the offender's person ***or within his immediate physical control***:
>
> > (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

***

(2) When the court determines that the offender **used** a deadly weapon during the commission of the current conviction offense, the court shall consider the DWE/Used Matrix (§ 303.17(b)). An offender has used a deadly weapon if any of the following were employed by the offender in a way that threatened or injured another individual:

    (i) Any firearm, (as defined in 42 Pa.C.S. § 9712) whether loaded or unloaded, or

***

204 Pa. Code § 303.10 (emphasis added).

Specifically, Appellant claims the trial court erred in employing the deadly weapons (used) enhancement. Appellant asserts that the record is clear that she never used a deadly weapon and contends this enhancement cannot be applied to her sentence based on her co-defendants' use of firearms in the murder. The Commonwealth concedes that the trial court improperly applied the deadly weapons (used) enhancement, but suggests that it would have been appropriate for the trial court to consider the deadly weapons (possessed) enhancement.

In a similar case, **Phillips**, the appellant argued that he should not have been subject to the deadly weapons (used) enhancement as the evidence demonstrated that, although the appellant conspired with his co-defendant to rob the victim, the weapon used in the robbery was possessed and brandished by his co-defendant. This Court concluded that the sentencing court had erred in applying the deadly weapons (used)

enhancement to the appellant's sentence as the appellant had not "used" the firearm to threaten or injure another individual.

However, the **Phillips** court found that the sentencing court should have utilized the deadly weapon (possessed) enhancement matrix, as the appellant's conduct fell within the broader ambit of Section 303.10(a)(1), which applies when the offender had a deadly weapon "on the offender's person or within his immediate control." 204 Pa.Code § 303.10(a)(1). As the appellant was in the immediate vicinity of his co-conspirator when the gun was used to threaten the victim and "could easily have been given or taken the gun at any moment during the robbery," this Court found that it was proper for the lower court to apply the deadly weapon (possessed) enhancement. **See also Commonwealth v. Pennington**, 751 A.2d 212 (Pa.Super. 2000) (finding the application of the deadly weapons enhancement for possession was proper as appellant and his co-conspirators all had knowledge of the existence of a weapon and had ready access to it during the commission of the robbery). **But see Commonwealth v. Greene**, 702 A.2d 547 (Pa.Super. 1997) (concluding the lower court erred in imposing the weapons enhancement to an appellant who had served as a getaway driver for a co-conspirator committing a robbery of a jewelry store as the gun was not on the appellant's person nor within his immediate control during the robbery).

In light of this precedent, we find that the lower court erred in utilizing the deadly weapons (used) enhancement in fashioning Appellant's sentence

as there is no evidence that Appellant used a deadly weapon in a way that threatened or injured another individual. However, we agree with the Commonwealth that the lower court should have used the deadly weapons (possessed) enhancement. In this case, Appellant had knowledge of the existence of the firearms used in the murder as she had directed her co-conspirators to come "take care of some business" and watched as they sanitized their guns and bullets on Appellant's kitchen table in preparation for the confrontation. N.T. 12/23/13, at 14-15. Appellant accompanied her co-conspirators and watched as they fired multiple shots into the door of a neighboring apartment. At any point, Appellant could have been given or taken one of the firearms during the commission of the crime. As Appellant did not "use" the deadly weapon, but merely "possessed" it, we conclude the trial court used the incorrect deadly weapons enhancement guideline ranges.

Accordingly, we vacate the judgment of sentence in this case and remand for resentencing consistent with this decision. Although Appellant raises another challenge to the excessiveness of her sentence, we need not review it as Appellant will receive a new sentencing hearing.

Judgment of sentence vacated. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2017