J-S71041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                 :                  PENNSYLVANIA
                                                 :

            v.                              :

EDWARD LYNN                    :

          Appellant         :    No. 1299 EDA 2018

Appeal from the Judgment of Sentence September 23, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006884-2007

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:            **FILED DECEMBER 11, 2018**

Appellant Edward Lynn appeals from the judgment of sentence entered following his violation of probation. Appellant asserts that the trial court failed to state its reasons for imposing the sentence on the record. The trial court and the Commonwealth agree that Appellant is entitled to a re-sentencing hearing. We vacate the judgment of sentence and remand for re-sentencing.

The trial court summarized the relevant background of this matter as follows:

> With respect to CP-51-CR-0006884-2007, on March 20, 2008, [Appellant] pled guilty to Aggravated Assault, Firearms Not to be Carried Without a License, and Simple Possession.[1] He was sentenced to eighteen to thirty six months of confinement for

---

[1] 18 Pa.C.S. § 2702, 18 Pa.C.S. § 6106, and 35 P.S. § 780-113(a)(16), respectively.

Aggravated Assault and five years of probation for the firearms charge. No further penalty was given for Simple Possession.

On March 12, 2013, [Appellant] appeared before th[e c]ourt on CP-51-CR-0013620-2012 (not at issue in this appeal) and pled guilty to Possession of a Firearm Prohibited[2] and Firearms Not to be Carried Without a License. Th[e c]ourt sentenced [Appellant] to eleven and one half to twenty three months of confinement followed by five years of probation for Possession of a Firearm Prohibited and five years of probation for Firearms not to be Carried Without a License. On that same day, th[e c]ourt found [Appellant] to be in violation of its probation on CP-51-CR-0006884-2007, revoked probation, and imposed a sentence of eighteen to thirty six months of confinement for Aggravated Assault and eight years of probation for Firearms Not to be Carried Without a License.

On May 26, 2014, while on th[e c]ourt's probation, [Appellant] was arrested for Aggravated Assault and related charges. On September 23, 2016, [Appellant] appeared before th[e c]ourt to enter into a negotiated guilty plea to the 2014 charges and proceed with a Violation of Probation hearing on his older cases. At that time, [Appellant] indicated that he was not in fact guilty of the 2014 charges, and as such th[e c]ourt did not accept the negotiated plea. Th[e c]ourt then proceeded with a **_Daisey Kates_**[3] hearing, and found [Appellant] to be in violation of its probation on his 2007 and 2012 dockets. On CP-51-CR-0006884-2007, th[e c]ourt revoked probation and sentenced [Appellant] to three and one half to seven years of confinement for [Firearms Not to be Carried Without a License] with no further penalty for Aggravated Assault. . . . [Appellant filed a motion for reconsideration of the VOP sentence on September 30, 2016, and] subsequently filed a Notice of Appeal to the Superior Court of Pennsylvania, which was quashed as untimely on May 2, 2017 (547 EDA 2017). On April 7, 2017, [Appellant] filed a _pro se_ petition under the Post Conviction Relief Act ("PCRA"). On June 30, 2017, PCRA counsel filed an Amended PCRA petition. On September 11, 2017, th[e c]ourt granted [Appellant's] PCRA petition and reinstated his appellate rights. . . . [Appellant] did

---

[2] 18 Pa.C.S. § 6105.

[3] **_Commonwealth v. Kates_**, 305 A.2d 701 (Pa. 1973).

not file a Notice of Appeal to the Superior Court for docket CP-51-CR-0006884-2007, the instant matter, until November 15, 2017, more than sixty days after [Appellant's] appellate rights were reinstated. As such, the Superior Court quashed the appeal as untimely on February 5, 2017 (3719 EDA 2017).

[Appellant] subsequently filed a PCRA petition with th[e c]ourt. Th[e c]ourt approved [Appellant's] petition and reinstated his appellate rights *nunc pro tunc* on April 16, 2018. [Appellant] filed a timely Notice of Appeal to the Superior Court on April 26, 2018.

Trial Ct. Op., 5/29/18, at 1-3.

The trial court did not order Appellant to file a concise statement of errors complained of on appeal under Pa.R.A.P. 1925(b), and Appellant did not file one. The trial court filed a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises the following question:

Did the trial court abuse its discretion when it sentenced [Appellant] to an aggregate sentence of 3½ to 7 years['] incarceration, during which proceeding the sentencing court did not follow the dictates of 42 Pa.C.S. § 9721(b), which requires the court to at least consider the particular circumstances of the offense and the character of the defendant?

Appellant's Brief at 4.

According to Appellant, "the record is silent as to whether the court fully considered the factors under 42 Pa.C.S. § 9721(b)." *Id.* at 9. Appellant argues that since the trial court "failed to adequately state reasons on the record on how the imposed sentence would serve the purposes defined in 42 Pa.C.S. § 9721(b), the sentencing court's imposition of a manifestly unreasonable sentence was an abuse of discretion." *Id.* at 7.

Appellant's issue implicates the discretionary aspects of sentencing.

[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging

- 3 -

the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Derry***, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted).

As to the requirement that a substantial question be raised, this Court has explained that a substantial question "exists only when an appellant advances a colorable argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted).

Here, Appellant's appeal was timely, he preserved his issue in a motion for reconsideration of sentence, and his brief contains a concise statement of the reasons relied upon for allowance of appeal. Additionally, Appellant raises a substantial question, since we have previously held that an appellant "raise[s] a substantial question for our review by asserting that the trial court failed to state adequate reasons on the record for [the a]ppellant's sentence." ***Commonwealth v. Flowers***, 149 A.3d 867, 871 (Pa. Super. 2016) (citation omitted).

We note that

the requirement that a trial court explain its sentence [arises] under Section 9721 and corresponding Criminal Rule 708 [and] has two components. First, the court must state its reasons on the record at the time the sentence is imposed.

* * *

Second, although [a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender.

*Id.* at 875-76 (internal quotation marks and citations omitted).

In the instant matter, it is undisputed that the trial court did not include its reasons on the record for the sentence it imposed. The trial court indicated in its opinion pursuant to Pa.R.A.P. 1925(a) that "it committed reversible error when it failed to state its reasons for the sentence imposed on the record[.]" Trial Ct. Op., 5/29/18, at 3. We agree with the trial court and remand this matter for resentencing. *See Flowers*, 149 A.3d at 877.

Judgment of sentence vacated. Case remanded for re-sentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/11/18</u>