J-S65011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANK DESAN, | |
| Appellant | No. 1453 EDA 2017 |

Appeal from the Judgment of Sentence February 13, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0005858-2016

BEFORE:  OLSON, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 13, 2017**

Appellant, Frank Desan, appeals from the judgment of sentence entered on February 13, 2017, following his guilty plea to possession of a controlled substance (heroin), 35 P.S. § 780-113(a)(16). On this direct appeal, Appellant's court-appointed counsel filed both a motion to withdraw as counsel and an accompanying brief pursuant to ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, ***Anders v. California***, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We, therefore, grant counsel's motion to withdraw and affirm the judgment of sentence.

We briefly summarize the facts and procedural history of this case as follows.  On August 10, 2016, police conducted a traffic stop of Appellant after witnessing him fail to use a turn signal when exiting a Wawa parking lot onto a highway in Upper Darby Township.  Appellant appeared extremely nervous and his hands were trembling.  As a result, the police officer asked Appellant to step out of the car and conducted a safety check of the automobile for weapons.  When the officer opened the center console of the vehicle, he observed a hypodermic needle and two bags of a substance later determined to be heroin.  Police arrested Appellant.  The Commonwealth charged Appellant with the aforementioned crime, as well as possession of drug paraphernalia[1] and the summary driving offense of turning movements and required signals.[2]

On November 9, 2016, Appellant filed a counseled omnibus pre-trial motion arguing that the evidence recovered from the traffic stop required suppression because the police violated his constitutional rights by engaging in a warrantless search of his automobile.  On September 13, 2016, the trial court held a suppression hearing wherein the arresting officer testified. On January 23, 2017, the trial court entered an order denying relief.  On February 13, 2017, Appellant pled guilty to simple possession.  Pursuant to a

---

[1]  35 P.S. § 780-113(a)(32).

[2]  75 Pa.C.S.A. § 3334.

negotiated plea agreement, the trial court sentenced Appellant to one year of probation and laboratory fees. This timely appeal resulted.[3]

On appeal, the **Anders** brief raises the following issue of arguable merit for our review:

> [Whether t]he trial court erred in denying the [m]otion to [s]uppress the evidence seized from the search of [Appellant's] automobile by a police officer on August 13, 2016. This search was conducted in violation of his rights under the United States Constitution and that of the Commonwealth of Pennsylvania.

**Anders** Brief at 3.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. **See Commonwealth v. Flowers**, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v.**

_____

[3] Appellant filed a post-sentence motion on February 22, 2017. The trial court denied relief by order entered on March 29, 2017. Appellant filed a notice of appeal on April 28, 2017. On May 1, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In accordance with Pa.R.A.P. 1925(c)(4), counsel for Appellant informed the trial court of his intention to file a brief pursuant to **Anders/McClendon**. On June 7, 2017, the trial court certified and transmitted the record to this Court for review.

*Bynum-Hamilton*, 135 A.3d 179, 183 (Pa. Super. 2016), *quoting*

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Second,

counsel must file an *Anders* brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015),

*quoting* *Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client

and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or

raise any additional points that he deems worthy of the court's attention,

and attach[] to the *Anders* petition a copy of the letter sent to the client."

*Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation

omitted).

If counsel meets all of the above obligations, "it then becomes the

responsibility of the reviewing court to make a full examination of the

proceedings and make an independent judgment to decide whether the

appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, *quoting*

*McClendon*, 434 A.2d at 1187. It is only when both the procedural and

substantive requirements are satisfied that counsel will be permitted to

withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[4]

Here, Appellant challenges the trial court's suppression ruling. "However, it is well-established that a plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of the sentence and the validity of the plea." **Commonwealth v. Singleton**, 2017 WL 3528693, at *1 (Pa. Super. 2017) (internal citations, quotations, and brackets omitted). Once Appellant pled guilty to simple possession, he subsequently waived his right to challenge the suppression ruling. Thus, we conclude that the lone issue raised in counsel's **Anders** brief is wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw as counsel granted. Judgment of sentence affirmed.

---

[4] Appellant did not file a response to counsel's **Anders** brief.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/2017