J-S73006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUDY FRAZIER | : | |
| | : | |
| Appellant | : | No. 1115 MDA 2017 |

Appeal from the Judgment of Sentence June 15, 2017
In the Court of Common Pleas of Northumberland County Criminal Division
at No(s): CP-49-MD-0000240-2017

BEFORE:   OLSON, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED JANUARY 08, 2018**

Appellant, Rudy Frazier, appeals from the judgment of sentence entered on June 15, 2017, after the trial court found him in indirect criminal contempt for violating a protection from abuse order. On this direct appeal, Appellant's court-appointed counsel filed both a petition to withdraw as counsel and an accompanying brief pursuant to **_Commonwealth v. McClendon_**, 434 A.2d 1185 (Pa. 1981), and its federal predecessor, **_Anders v. California_**, 386 U.S. 738 (1967).  We conclude that Appellant's counsel complied with the procedural requirements necessary to withdraw. Furthermore, after independently reviewing the record, we conclude that the appeal is wholly frivolous.  We therefore grant counsel's motion to withdraw and affirm Appellant's judgment of sentence.

We quote the trial court's summary of the facts and procedural history in this case.

_____
*   Retired Senior Judge assigned to the Superior Court.

By [c]riminal [c]omplaint dated May 26, 2017 [Appellant] was charged [with i]ndirect [c]riminal [c]ontempt pursuant to [23 Pa.C.S.A. § 6114]. The [c]omplaint charged [Appellant] with violating a [p]rotection from [a]buse [o]rder filed to [d]ocket [n]umber CV-15-1013. Specifically, it was charged that [Appellant] on May 25, 2017 at 7:34 a.m. [called] the [victim] by cell phone and stated[,] "get yourself ready, I'm taking your fat ass to court."

A hearing was held before th[e trial c]ourt on June 15, 2017. Both parties testified. The [victim] testified that the parties have a nine-year-old child together. She further testified that she had an active [p]rotection from [a]buse [o]rder in effect against [Appellant].

On the date in question, the victim testified that she received a phone call around 7:30 in the morning. At the time[,] she was taking her two children to school. The phone number came up restricted and she believed the call may have been from her employer. Upon answering the phone and saying hello, she recognized [Appellant's] voice and he said[,] "Get ready. I am taking your fat ass to court." She immediately closed her phone and called the Sunbury Police Department.

She further testified that the current order prohibits [Appellant] from having any contact with her by phone. She knew it was [Appellant] on the phone as she has known [Appellant] for ten years. She showed the police officer that she had received a restricted call at the time in question. Finally, on cross-examination when asked if the only way she was identifying the call as being from [Appellant] was because of his voice, the victim testified "Yes. And he also had done a drive-by that morning with his bucket truck which can be verified by my son and daughter."

Thereafter, Officer Mazzeo testified that he asked the victim to come to the police department on the morning in question [where] she showed the officer her phone indicating the restricted call coming in at [7:34 a.m]. Following the testimony of Officer Mazzeo[,] the Commonwealth asked the [trial c]ourt to take [j]udicial [n]otice of the final [p]rotection from [a]buse [o]rder at docket [n]umber CV-15-1013, which [the court] did.

[Appellant] also testified at the hearing. He denied ever making the phone call to the victim and further testified that he [hadn't] seen the victim in years.

Trial Court Opinion, 8/14/17, at 1-2. This timely appeal resulted.

On appeal, the ***Anders*** brief raises the following issue of arguable merit for our review:

> Whether the trial court erred and/or abused its discretion in finding that there was sufficient evidence to find [Appellant] in indirect criminal contempt for violating a protection from abuse order.

***Anders*** Brief at 4.

Before reviewing the merits of this appeal, we must first determine whether counsel has fulfilled the necessary procedural requirements for withdrawing as counsel. ***See Commonwealth v. Flowers***, 113 A.3d 1246, 1248-1249 (Pa. Super. 2015) (citation omitted). To withdraw under ***Anders***, court-appointed counsel must satisfy certain technical requirements. "First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2016), *quoting* ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Second, counsel must file an ***Anders*** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and (4) state[s] counsel's reasons for concluding that the appeal is frivolous.

*Commonwealth v. Hankerson*, 118 A.3d 415, 419-420 (Pa. Super. 2015), *quoting Santiago*, 978 A.2d at 361.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se*[,] or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (citation omitted).

If counsel meets all of the above obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 355 n.5, *quoting McClendon*, 434 A.2d at 1187. It is only when both the procedural and substantive requirements are satisfied that counsel will be permitted to withdraw. In the case at bar, counsel has met all of the above procedural obligations. We now turn to whether this appeal is wholly frivolous.[1]

Here, Appellant contends that the Commonwealth failed to present sufficient evidence that he violated the protection from abuse order and committed the offense of indirect criminal contempt. In *Commonwealth v. Baker*, 766 A.2d 328, 331 (Pa. 2001), our Supreme Court set forth the four

---

[1] Appellant did not file a response to counsel's *Anders* brief.

elements necessary to establish a claim of indirect criminal contempt. Specially, the Court held:

> In order to establish a claim of indirect criminal contempt, the evidence must be sufficient to establish the following four elements:
>
> 1) The order must be definite, clear, specific and leave no doubt or uncertainty in the mind of the person to whom it was addressed of the conduct prohibited;
>
> 2) The contemnor must have had notice of the specific order or decree;
>
> 3) The act constituting the violation must have been volitional;
>
> 4) The contemnor must have acted with wrongful intent.
>
>        *      *      *
>
> A trial court's finding of contempt will not be disturbed absent an abuse of discretion. An appellate court cannot find an abuse of discretion merely for an error of judgment unless, in reaching a conclusion, the trial court overrides or misapplies the law, or its judgment is manifestly unreasonable[.]

***Id.***

After careful review of the certified record, we agree with the trial court that the Commonwealth introduced sufficient evidence that Appellant willfully, and with the intent to harass the victim, violated the provisions of a protection from abuse order of which he had ample notice. Thus, we conclude that the lone issue raised in counsel's ***Anders*** brief is wholly frivolous. Furthermore, after an independent review of the entire record, we conclude that no other issue of arguable merit exists. Therefore, we grant counsel's request to withdraw and affirm Appellant's judgment of sentence.

Motion to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/8/2018