J-S03040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAQUANTA CHAPMAN | : | |
| | : | No. 2963 EDA 2016 |
| Appellant | | |

Appeal from the Judgment of Sentence August 16, 2016
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0002897-2009,
CP-15-CR-0004895-2008

BEFORE:   BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 27, 2018**

Appellant Laquanta Chapman appeals from the judgment of sentence entered by the Court of Common Pleas of Chester County imposing a term of life imprisonment without parole upon remand from the Pennsylvania Supreme Court.  Appellant's counsel seeks to withdraw his representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009).  We affirm the judgment of sentence and grant counsel's petition to withdraw.

Our Supreme Court summarized the factual background of this case as follows:

> On October 30, 2008, Appellant shot and killed his sixteen-year-old neighbor, Aaron Turner, in the basement of Appellant's residence.  Subsequently, with the assistance of his younger

_____
*   Former Justice specially assigned to the Superior Court.

cousin, Bryan Bird, Appellant dismembered the victim's body and disposed of the remains in the trash.

Weeks later, law enforcement investigating the sale of illicit drugs from Appellant's premises obtained a warrant to search them for evidence of drug activity. In the course of the ensuing search, police discovered an abundance of residual, physical evidence from the killing and dismemberment.

***Commonwealth v. Chapman***, 635 Pa. 273, 276-77, 136 A.3d 126, 127-28 (2016).

Appellant was charged for the murder of Aaron Turner and related crimes at docket CP-15-CR-0002897-2009. He was also charged on a separate docket, CP-15-CR-0004895-2008, for numerous counts of drug and weapons charges for contraband found in his residence as well as receiving stolen property and cruelty to animals. Appellant was tried on both dockets in a consolidated trial.

A jury subsequently convicted Appellant of first-degree murder, conspiracy to commit murder, possession of an instrument of crime (nine counts), abuse of corpse, hindering apprehension (two counts), receiving stolen property (two counts), possession of a controlled substance with intent to deliver, simple possession of a controlled substance, possession of drug paraphernalia, and cruelty to animals. The trial court separately convicted Appellant of seven counts of Persons Not to Possess Firearm.

After a separate penalty phase, the jury sentenced Appellant to the death penalty for the murder charge. The trial court also imposed a

consecutive, aggregate sentence of 85-170 years' imprisonment for the remaining charges at both dockets.

On direct appeal of this capital murder case, the Supreme Court vacated Appellant's death sentence upon finding that the Commonwealth had not presented sufficient evidence of an aggravating circumstance warranting capital punishment. Specifically, the Supreme Court found that Appellant's prior out-of-state convictions did not qualify as felonies and thus, could not serve as the basis for the aggravating circumstance in 42 Pa.C.S.A. § 9711(d)(9), which requires a finding of a significant history of violent *felony* convictions. Therefore, the Supreme Court remanded for the trial court to impose a sentence of life imprisonment.

In the same opinion, the Supreme Court disposed of Appellant's remaining issues raised on direct appeal. Thereafter, the Supreme Court concluded that it was not necessary to remand for this Court to complete direct appellate review:

> In some recent decisions, this Court has transferred death-penalty appeals to the Superior Court, which administers as-of-right direct appellate review in non-capital cases, when it has become clear in our own review that a death sentence is unavailable. ***See***, ***e.g.***, ***Commonwealth v. Gibson***, 592 Pa. 411, 418, 925 A.2d 167, 171 (2007). Here, however, the guilt-phase review is not burdensome and was complete as of the time it became clear that imposition of a life sentence was required. Therefore, and to promote efficiency, we have completed the guilt-phase review, above.

***Chapman***, 635 Pa. at 287, 136 A.3d at 134, n.8.

Thereafter, on August 16, 2016, upon remand, the trial court imposed a sentence of life imprisonment as directed by the Supreme Court. At this point, Appellant was represented by P.J. Redmond, Esq. Approximately three weeks later, Appellant fired Atty. Redmond and instructed him not to file anything further in the case. Appellant filed a *pro se* notice of appeal at both dockets that was self-dated September 13, 2016. The Clerk of Courts did not docket the notice of appeal until September 19, 2016.[1]

This Court remanded for the trial court to conduct a **Grazier** hearing to assess Appellant's choice to represent himself. On December 8, 2016, the lower court held a hearing at which Appellant confirmed that he had chosen to represent himself. The trial court determined that Appellant's choice to waive his right to representation to counsel was knowing and intelligent.

However, three months later, Appellant petitioned this Court for the appointment of counsel. This Court denied Appellant's request for alternative counsel but indicated that Appellant could reapply to this Court for relief if he wished to have the assistance of the Chester County Public Defender's Office. When Appellant filed a *pro se* letter indicating that he desired this

---

[1] Appellant's notice of appeal was time-stamped by the Clerk of Courts on September 19, 2016, which is beyond the thirty-day jurisdictional limitation imposed by Pa.R.A.P. 903(a). However, Appellant's notice of appeal is dated September 13, 2016, which is within the required time frame. Pursuant to the "prisoner mailbox rule," we deem Appellant's notice of appeal to be timely filed. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining that a document is considered filed on date *pro se* prisoner delivers it to prison authorities for mailing).

representation, this Court reappointed Atty. Redmond and remanded for the filing of a counseled Rule 1925(b) statement. On August 1, 2017, Atty. Redmond filed a concise statement raising the following issue for our review:

> Appellant should not have been exposed to a death-qualified jury (i.e. a non-representative cross section and one more likely to impose a conviction) in a case where there was no legal basis for the prosecution to do so. This action as applied to Appellant was a violation of his Article I, § 9 right to an "impartial jury," as well as his federal rights contained in Amendments XI and XIV, along with his due process rights of Amendments V and XIV.

1925(b) statement, 8/1/17, at 1.

Thereafter, instead of filing an advocate's brief, Appellant's counsel filed a petition to withdraw his representation and a corresponding **Anders** brief. Appellant filed an additional motion for counsel, claiming that counsel abandoned him by filing the petition to withdraw. This Court filed an order, reiterating that Appellant had the option of proceeding *pro se* or through privately-retained counsel. Appellant did not file a response.

When faced with a purported **Anders** brief, this Court may not review the merits of the issues raised therein without first passing on the request to withdraw. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005). Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361. Counsel must also provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted).

In this case, appellate counsel summarized the history of the case, referred to an issue in the record that he believed arguably supported the appeal and set forth his conclusion that the appeal is frivolous along with citation to supporting precedent. Moreover, counsel has provided this Court with a copy of the letter, which counsel sent to Appellant informing him of his right to retain new counsel, proceed *pro se*, or raise any points Appellant deems worthy of this Court's attention. Accordingly, we conclude counsel has substantially complied with the requirements of *Anders* and *Santiago*. We, therefore, turn to the issue presented in the *Anders* brief to make an independent judgment as to whether the appeal is, in fact, wholly frivolous. *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179 (Pa.Super. 2016).

On appeal, the sole issue presented by Appellant is whether he is entitled to a new trial on both dockets on non-capital offenses before a jury

that is not "death-qualified;" Appellant specifically argues that a death-penalty jury is "mathematically skewed in favor of conviction by the selection process." **Anders** brief, at 10.

First, we note that Appellant failed to raise this issue on his initial direct appeal before the Supreme Court. Despite arguing that the Commonwealth had not presented sufficient evidence in support of aggravating circumstances that would warrant the death penalty, Appellant did not challenge the fact that he had been tried by a death-qualified jury. Thus, to the extent that Appellant argues that he should have not been tried by a death-qualified jury in a case where there was no legal basis for the prosecution to do so, Appellant should have raised this challenge before the Supreme Court if he expected to prevail on his challenge to the aggravating circumstances supporting his death sentence.

The Supreme Court, before vacating the death penalty and remanding for the limited purpose of directing the imposition of a life sentence, reviewed the merits of all of Appellant's claims on direct appeal. As a result, as Appellant did not raise this specific argument with respect to his death qualified jury in his initial direct capital appeal, it is waived.[2]

_____

[2] Even assuming *arguendo* that this issue is properly preserved for this appeal, it has no arguable merit. Both the United States Supreme Court and the Pennsylvania Supreme Court have consistently rejected similar constitutional challenges arguing that death-qualified juries are unfairly biased towards conviction. **See Lockhart v. McCree**, 476 U.S. 162, 106 S.Ct. 1758, 90

For all of the foregoing reasons, and after an independent review, we conclude Appellant is not entitled to relief and we grant counsel's petition to withdraw his representation.

Judgment of Sentence Affirmed. Counsel's Petition to Withdraw Granted.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/18

---

L.Ed.2d 137 (1986); **Commonwealth v. Woodard**, 634 Pa. 162, 129 A.3d 480 (2015), *cert. denied sub nom.*, **Woodard v. Pennsylvania**, 137 S.Ct. 92, 196 L.Ed. 2d 79 (2016).