J-S12009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT O. BURKE | : | |
| | : | No. 889 MDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence May 1, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003214-2013,
CP-36-CR-0004099-2015, CP-36-CR-0004976-2010

BEFORE:  LAZARUS, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED MAY 04, 2018**

Robert O. Burke ("Burke") appeals from the judgment of sentence entered in the Court of Common Pleas of Lancaster County, alleging that the trial court abused its discretion when it sentenced him to one to two years' incarceration, to be served consecutively to unexpired balances for parole and probation violations.  We affirm.

The procedural history of the case is as follows:

On May 26, 2016, [Burke] was incarcerated for the following convictions: on Docket Number 4976-2010 (original sentence date November 21, 2013), Theft From a Motor Vehicle,[1] on Docket Number 3214-2013 (original sentence date November, 21, 2013), Manufacture, Delivery, or Possession With Intent to

_____

[1] 18 Pa.C.S.A. § 3934(a).

Manufacture or Deliver,[2] and Criminal Use of a Communication Facility;[3] and on Docket Number 4099-2015 (original sentence date April 18, 2016), Simple Assault.[4]  On June 23, 2016, [Burke] was charged on Docket Number 4148-2016 and bail was set.  On September 14, 2016, [Burke] appeared . . . for a parole/probation violation hearing ("PPV Hearing") and was found to be in violation of his parole on Docket Numbers 4976-2010 and 3214-2013 and his probation on Docket Number 4099-2015.  Sentencing was deferred pending the resolution of [Burke's] new charges.

On March 6, 2017, [Burke] pled guilty . . . on Docket Number 4148-2016 and received a sentence of time served to twenty-three months' incarceration, plus one year of concurrent probation.  Sentencing was deferred on Docket Numbers 4976-2010, 3214-2013 and 4099-2015 to allow the Office of Probation and Parole to conduct a Pre-Sentence Investigation ("PSI") report for [Burke's] parole and probation violations.

On May 1, 2017, a sentencing hearing was held and the court sentenced [Burke] to the unexpired balance for the parole violations on Docket Numbers 4976-2010 and 3214-2013, while imposing a sentence of one to two years' incarceration for the probation violation on Docket Number 4099-2015.  Docket Number 4976-2010 was made to run consecutive to Docket Number 4148-2016, while Docket Number 3214-2013 was made concurrent with Docket Number 4976-2010 and consecutive to 4148-2016, while Docket number 3214-2013 was made concurrent with Docket Number 4976-2010 and consecutive to 4148-2016.  The sentence imposed on Docket Number 4099-2015 was made consecutive to the sentences imposed on Docket Numbers 4976-2010 and 3214-2013, resulting in an aggregate sentence of not less than 1302 nor more than 1667 days' incarceration on [Burke's] violations.

_____

[2] 35 P.S. § 780-113(a)(30).

[3] 18 Pa.C.S.A. § 7512(a).

[4] 18 Pa.C.S.A. § 2701(a)(1).

Trial Court Opinion, 9/26/17, at 1-2 (some footnotes omitted).

On May 11, 2017, Burke filed a timely motion to modify sentence pursuant to Pa.R.Crim.P. 708. Burke filed a notice of appeal to this Court from his judgment of sentence on May 31, 2017.[5] The trial court denied Burke's motion to modify sentence on June 12, 2017, noting his direct appeal to the Superior Court. On June 12, 2017, the trial court also entered an order directing Burke to file a concise statement of errors complained of on appeal pursuant to Pa.R.C.P. 1925(b).

Burke raises one issue for our review:

Was the [t]rial [c]ourt's sentence of one to two years' incarceration in a state correctional institution on Docket No. 4099-2015 consecutive to the unexpired balance on Docket Nos. 4976-2010 (totaling 455 days) and 3214-2013 (totaling 482 days) manifestly excessive and clearly unreasonable under the circumstances?

Brief of Appellant, at 5.

Burke challenges the discretionary aspects of his sentence. Before this Court can address such a challenge, Burke must comply with the following four-part test:

(1) Whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at the sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P 720; (3) whether appellant's

---

[5] Burke filed his appeal to this Court before the trial court issued its denial of his motion to modify sentence. However, the notice of appeal, though premature, is considered timely. **See** Pa.R.A.P 905(a)(5) (notice of appeal filed after announcement of determination but before entry of appealable order shall be treated as filed after such entry and on day thereof).

brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Instantly, Burke filed a timely notice of appeal and preserved his issues in a motion to modify sentence. Additionally, Burke's brief includes a concise statement of reasons relied on for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Brief of Appellant, at 11. Accordingly, we must now determine whether Burke's claim to the discretionary aspect of his sentence presents a substantial question.

Whether a challenge to a sentence amounts to a substantial question is determined on a case-by-case basis. A substantial question exists only when the appellant advances a plausible argument that the sentencing judge's actions were either inconsistent with a specific provision of the Sentencing Code or were contrary to the fundamental norms which underlie the sentencing process. *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa. Super. 2011).

When imposing a sentence, the sentencing court must follow the general principles that the sentence imposed should call for "confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A § 9721(b).

A court's exercise of discretion in imposing sentences consecutively does not ordinarily raise a substantial question. *Commonwealth v. Mastromarino*, 2 A.3d 581 (Pa. Super. 2010). However, a defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence. *Commonwealth v. Dodge*, 77 A.3d 1263 (Pa. Super. 2013).

Additionally,

[i]n determining whether a substantial question exists, this court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

*Id.* at 1270.

Based on the above, Burke's claim that his consecutive sentences are manifestly excessive, together with his claim that the court failed to consider mitigating circumstances, presents a substantial question. *See Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa. Super. 2014) (challenge to imposition of consecutive sentences, in addition to claim that court failed to consider mitigating circumstances, raised substantial question). Accordingly, we will address the merits of his claim.

When imposing sentence, the trial court is granted broad discretion, as it is in the best position to determine the proper penalty for a particular offense

based upon an evaluation of the individual circumstances before it.

***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2017). An abuse of

discretion is shown when the appellant establishes, by reference to the record,

that the sentencing court ignored or misapplied the law, exercised its

judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a

manifestly unreasonable decision. ***Raven***, 97 A.3d at 1253.

Pursuant to section 9721 of the Sentencing Code, the sentencing court

is to consider the following when imposing a sentence of incarceration:

> (b) General standards.--In selecting from the alternatives set forth in subsection (a), the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. The court shall also consider any guidelines for sentencing and resentencing adopted by the Pennsylvania Commission on Sentencing

42 Pa.C.S.A. § 9721(b).

Section 9771 of the Sentencing Code governs the imposition of sentence

following revocation of probation, in relevant part, as follows:

> (b) Revocation.—The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.
>
> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
> > (1) the defendant has been convicted of another crime; or

> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>
> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S.A. § 9771.

> Moreover,
>
> [s]ection 9721, which governs sentencing generally, provides that in all cases where the court resentences an offender following revocation of probation the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed. Failure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant. Additionally, this Court has noted that the reasons stated for a sentence imposed should reflect the sentencing court's consideration of the criteria of the Sentencing Code, 42 Pa.C.S.A. § 9701 *et seq.*, the circumstances of the offense, and the character of the offender.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 185 (Pa. Super. 2016) (internal citations, quotation marks and ellipses omitted).

Here, Burke asserts that the sentencing court failed to consider mitigating circumstances, such as Burke's abstinence from drug use during his period of supervision, the nature of his parole and probation violations, his rehabilitative needs, and his borderline intellectual functioning. Burke further asserts that the court placed undue emphasis on his prior periods of supervision and certain misconducts he received while incarcerated between June and July 2016. Burke claims that,

> [h]ad the court properly considered these mitigating factors . . ., a less punitive county sentence with work release eligibility or a time served sentence would have been an appropriate sentence.

This would greatly enhance [Burke's] likelihood for successfully rehabilitating all facets of his life upon release by encouraging [him] to continue with his sobriety while working and providing for his two children.

Brief of Appellant, at 22.  Burke is entitled to no relief.

We begin by noting that the sentencing court was in possession of a PSI report.  Where a PSI report exists, we presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations, along with mitigating statutory factors. ***Commonwealth v. Devers***, 546 A.2d 12, 18 (Pa. 1988).  At sentencing, the court heard an extensive statement from the mother of Burke's two young daughters, who spoke positively of Burke's parenting skills and of the efforts he has made to turn his life around.  The court also considered the nature of Burke's offenses, his county prison misconduct, and the fact that the instant violation was Burke's fourth.  Thus, the court clearly considered mitigating circumstances in fashioning its sentence.

Nonetheless, after reviewing Burke's entire history, the court ultimately concluded that Burke's failure to comply with supervision, both inside and out of prison, revealed a lack of respect for authority and, more broadly, for the criminal justice system as a whole.  As such, the court determined that Burke required a "strongly structured environment with real consequences and real serious programming that directs [him] to understand, there is accountability and consequence to every decision [he makes]."  N.T. Resentencing, 6/5/17,

at 19. Thus, the court imposed a sentence to be served in a state correctional facility, where Burke could avail himself of needed programming.

In light of the foregoing, we cannot conclude that the sentencing court abused its discretion in imposing consecutive sentences of incarceration, where Burke's prior conduct has demonstrated that he is either unwilling or unable to successfully refrain from criminal behavior while on supervision, and has failed to take advantage of prior opportunities for criminal rehabilitation.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/4/2018