J-S29020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN ARTERS, | : | |
| | : | |
| Appellant | : | No. 3314 EDA 2017 |

Appeal from the Judgment of Sentence March 27, 2017
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0004105-2010

BEFORE:   PANELLA, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY MURRAY, J.:                    **FILED JUNE 26, 2018**

Kevin Arters (Appellant) appeals from the judgment of sentence entered following the second revocation of his probation.[1]  Appellant's counsel (Counsel) seeks to withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm the judgment of sentence.

Preliminarily, we note that Appellant is serving an aggregate sentence of 35 to 70 years' imprisonment as a result of four separate cases.  The underlying appeal arises from only one case and the two-year judgment of

_____

* Former Justice specially assigned to the Superior Court.

[1] As we discuss ***infra***, Appellant's related appeals are currently pending before this Court at 1464 EDA 2017, 3312 EDA 2017, and 3315 EDA 2017.

sentence imposed at CR-4105-2010. Nonetheless, there are multiple appeals pending before this Court, and we set forth the procedural history of all four cases below.

On May 25, 2011, Appellant pled guilty in another case, CP-15-CR-0004106-2010 (CR-4106-2010), to indecent exposure, graded as a misdemeanor of the first degree, and received a sentence of 9 to 23 months' imprisonment and a consecutive 3 years' probation. On the same day, Appellant also pled guilty in this case, CP-15-CR-0004105-2010 (CR-4105-2010), to indecent exposure, a misdemeanor of the second degree. The court imposed a sentence of two years' probation, to run consecutive to the first sentence.

On April 8, 2012, Appellant pled guilty at CP-15-CR-4016-2011 (CR-4016-2011) to three counts of indecent exposure and one count each of endangering the welfare of children, and corruption of minors.[2] The court imposed an aggregate sentence of 11½ to 23 months' imprisonment and a consecutive 10 years' probation, and found him to be a sexually violent predator (SVP).

On April 15, 2014, Appellant was found to have violated his parole and/or probation in all three cases. In this case (CR-4105-2010), the trial court revoked his two years' probation but reinstated that same term as a new

---

[2] This new conviction did not violate Appellant's parole or probation.

violation of probation (VOP) sentence. The trial court also revoked Appellant's parole and probation in CR-4106-2010 and CR-4016-2011 and imposed VOP sentences totaling 22 months and 16 days' imprisonment (the combined balances of his maximum terms) and 12 years' probation.[3]

On July 15, 2016, Appellant was convicted in a new case, CP-15-CR-0002192-2015 (CR-2192-2015), after a non-jury trial in which he was charged with luring a child into a motor vehicle, criminal use of a communication facility, and 12 counts of sexual abuse. On March 27, 2017, the trial court, which had the benefit of a pre-sentence investigation report, imposed an aggregate term of 28½ to 57 years' imprisonment and again found that Appellant was an SVP.[4]

Also on March 27, 2017, the trial court revoked the 2 years' probation in this case (CR-4105-2010) and imposed a new VOP sentence of 1 to 2 years' imprisonment. This sentence was the statutory maximum[5] and was ordered

---

[3] Although the original sentences in CR-4106-2010 and CR-4016-2011 included a total 13 years' probation, the new sentences of April 15, 2014 only included 12 years' probation.

[4] The luring a child into a motor vehicle and 12 sexual abuse convictions each carried a mandatory "second strike" minimum sentence of 25 years, and the trial court imposed them concurrently. N.T., 3/27/17, at 14, 18, 75.

[5] *See* 18 Pa.C.S.A. § 1104(2) (person convicted of a misdemeanor of the second degree may be sentenced to a term of imprisonment that shall be not more than two years).

to run concurrently with the CR-2192-2015 sentence.[6]  Additionally, at CR-4106-2010, the trial court revoked Appellant's parole and probation and sentenced him to 4 months and 29 days' imprisonment (the balance of his maximum term), to run concurrently with the CR-2192-2015 sentence, as well as a consecutive 3 years' probation.  Finally, at CR-4016-2011, the trial court revoked Appellant's parole and sentenced him to an aggregate term of 5½ months (the balance of his maximum term), to run concurrently with his CR-2192-2015 sentence.  The court also revoked the three terms of probation in that case and imposed three terms of imprisonment, aggregating 6½ to 13 years' imprisonment, all to run consecutive to the sentence in CR-2192-2015.  Thus, the total aggregate sentence Appellant received in all four cases was 35 to 70 years' imprisonment and 3 years' probation.

Appellant filed a timely post-sentence motion seeking reconsideration of the sentences in all four cases, and the trial court denied it on April 10, 2017.  On May 10th, Appellant filed one notice of appeal, which again listed all four cases and was docketed in this Court at 1464 EDA 2017.  On July 18th, this Court quashed the appeal in this case, as well as those at CR-4106-2010 and

_____

[6] The original sentencing order stated that this sentence was to run consecutively to the sentence in CR-2192-2015.  However, on March 12, 2018, the trial court issued an order which stated that it was a clerical error and, with the agreement of the parties, amended the sentence such that it shall run concurrently with the CP-2192-2015 sentence.

CR-4016-11, for untimeliness.[7]  On September 12th, however, the trial court granted Appellant's request for *nunc pro tunc* relief and reinstated his right to appeal in all three cases.  Appellant then filed three separate appeals in each case, and the appeal at CR-4105-2010 is presently before us.[8]  Counsel has filed an **Anders** petition to withdraw and accompanying brief, and Appellant has not filed any *pro se* or counseled response.

The **Anders** brief presents the one issue for our review:

> Does the imposition of a one (1) to two (2) year state incarceration sentence for a probation violation in an Indecent Exposure case raise a substantial question that the Sentencing Code was violated by the sentencing court which imposed the sentence after a decision that Appellant had failed to meet terms of the court's probation supervision when convicted of one count of Luring a Child into a Motor Vehicle . . . , twelve counts of Sexual Abuse . . . , and one count of Criminal Use of Communication Facility . . . ? Is such a sentence an abuse of the sentencing Court's discretion?

**Anders** Brief at 4.

We first consider counsel's petition to withdraw.  When presented with

---

[7] Appellant's appeal from the judgment of sentence in the newest case, CR-2192-2015, was timely because it was filed within 30 days of the denial of post-sentence motion.  **See** Pa.R.Crim.P. 720(A)(2)(a) (if defendant files a timely post-sentence motion, notice of appeal shall be filed within 30 days of the order deciding the motion).  However, in his three VOP cases, the filing of the post-sentence motion did not toll the 30-day appeal period.  **See** Pa.R.Crim.P. 708(E) (filing of motion to modify sentence imposed after revocation of probation will not toll 30-day appeal period).

[8] Appellant's appeal from the judgment of sentence in CR-4106-2010 is currently pending before this Court at 3315 EDA 2017.  His appeal in CR-4016-2011 is pending at 3312 EDA 2017. Furthermore, Appellant's appeal in CR-2192-2015 remains pending at 1464 EDA 2017.

an ***Anders*** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. Before counsel is permitted to withdraw, he or she must meet the following requirements:

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa. Super. 2008) (citations omitted).

> [I]n the ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). "[W]hen counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" ***Id.*** at 355 n.5.

Here, Counsel's petition to withdraw states that she has made a conscientious examination of the record, determined that the appeal is wholly frivolous, notified Appellant of her opinion and provided him with a copy of

her *Anders* brief, and advised Appellant that he may proceed *pro se* or retain private counsel. Furthermore, as discussed *infra*, we are satisfied that Counsel's *Anders* brief complies with the dictates of *Santiago*. We therefore proceed to an independent review of Appellant's sole issue — a challenge to the discretionary aspects of his sentence. *See Bynum-Hamilton*, 135 A.3d at 183.

Appellant avers that his aggregate sentence of 35 to 70 years' incarceration, and a consecutive 3 years' probation, is so manifestly excessive that it constitutes too severe a punishment. *Anders* Brief at 12. The *Anders* brief also notes that the sentence for indecent exposure in this case, 1 to 2 years' incarceration, was the statutory maximum.

> This Court has stated:
>
> A challenge to the discretionary aspects of sentencing does not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Bynum-Hamilton*, 135 A.3d at 184 (some citations omitted). Where counsel files an *Anders* brief, we may overlook the lack of a Rule 2119(f) statement. *Id.*

Here, Appellant filed a timely notice of appeal[9] and sought reconsideration of his sentence in a timely post-sentence motion. The ***Anders*** brief includes a heading, "statement of reasons to allow appeal from the discretionary aspects of sentencing," but the supporting discussion is that Counsel has concluded that Appellant's sentence was within the wide discretion of the trial court. We do not consider this statement, however, to impede our review of Appellant's issue. ***See id.*** Furthermore, Appellant's claim of an excessive aggregate sentence raises a substantial question. ***See Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013) ("defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if the case involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence"). Therefore, we proceed to address the merits of Appellant's claim.

We note the standard of review of a VOP sentence:

Our review is limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). Also, upon

_____

[9] The Commonwealth argues that this Court should dismiss Appellant's appeal for untimeliness, where he was sentenced on March 27, 2017, but his notice of appeal was not filed until May 10th. Commonwealth's Brief at 7. As the Commonwealth notes elsewhere in its brief, however, this Court did quash the appeal on July 18, 2017, but the trial court reinstated Appellant's direct appeal rights *nunc pro tunc* on September 12, 2017. ***Id.*** at 4-5. The court provided Appellant 30 days to file a notice of appeal, and his October 11, 2017 filing of a notice of appeal was timely.

sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence.

*Commonwealth v. Simmons*, 56 A.3d 1280, 1286-87 (Pa. Super. 2012). Where the sentencing court had the benefit of a pre-sentence investigation report, we presume the court weighed all sentencing factors. *Dodge*, 77 A.3d at 1275.

To the extent Appellant challenges the length of his aggregate sentence in all four cases — 35 to 70 years' imprisonment — we emphasize that only the appeal from the two-year judgment of sentence in CR-4105-2010 is before this panel. We reiterate that on May 25, 2011, Appellant pled guilty to indecent exposure graded as a misdemeanor of the second degree, and the trial court initially imposed a sentence of two years' probation. Approximately three years later, on April 15, 2014, the trial court revoked his probation but again imposed a term of two years' probation. On March 27, 2017, the trial court revoked Appellant's probation a second time, and it was within the trial court's authority and discretion to impose a sentence of two years' imprisonment. *See Simmons*, 56 A.3d at 1286-87.

Furthermore, we presume the trial court, which reviewed the pre-sentence report, weighed all of the sentencing factors. *See Dodge*, 77 A.3d at 1275. In any event, the court provided an extensive explanation for imposing a lengthy sentence. The court considered the protection of the public and Appellant's rehabilitative needs, and found that he was likely to reoffend.

N.T., 3/27/17, at 64. The court considered Appellant's criminal history, which included a 1995 conviction of corruption of the morals of a minor, for having sexual intercourse with a 15-year-old girl;[10] a 2000 conviction of stalking and harassment for following three middle school girls in his vehicle as they walked to and from a bus stop; a 2000 conviction of trespassing for repeatedly driving around a high school campus and following female students; and 2003 convictions of indecent assault and indecent exposure for exposing himself to his 19-year old mentally impaired niece, who had the intellectual capacity of a 5-year old, and forcing her to touch his penis despite her protestations. The court also heard that just 10 days after being paroled in 2009 after a six-year term of incarceration, Appellant committed the indecent exposure acts in this case and CR-4106-2010 by exposing himself to a 13-year old girl in the children's section of a Barnes & Noble bookstore and exposing himself to a 17-year-old girl in a Michael's craft store. Furthermore, while living at home for 7 months on parole, Appellant abused his 6-year old daughter, which resulted in a conviction of endangering the welfare of a child.

The trial court stated that Appellant's pre-sentence investigation report was "probably one of the worst [he] ever read because it's . . . so consistently alarming of [sic] the victims he chooses, where he chooses them, how he acts, [and] his performance on probation and parole." *Id.* at 51. The court noted

_____

[10] At that time, Appellant was 20 years old. N.T., 3/27/17, at 21.

that Appellant had "many" opportunities for rehabilitation, but he has at times denied his attraction to children (and sometimes admitted to it), and the court was concerned that he has not accepted "how bad a problem" he has. *Id.* at 67-68. In light of the foregoing, we conclude that the trial court thoroughly and properly considered the sentencing factors and did not abuse its discretion.

Accordingly, upon independent review of Appellant's claims, we conclude that he is not entitled to relief. *See Santiago*, 978 A.2d at 361. Moreover, our review of the record does not reveal any non-frivolous claims overlooked by counsel. We therefore grant Counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Panella joins the memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/26/18