J-A12044-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                     :        PENNSYLVANIA
                                     :
          v.                        :
                                     :
                                   :
TIMOTHY JOSEPH DOERFER      :
                                   :
          Appellant         :  No. 1336 WDA 2021

Appeal from the Judgment of Sentence Entered July 31, 2020
In the Court of Common Pleas of Warren County Criminal Division at
No:  CP-62-CR-0000195-2019

BEFORE:  MURRAY, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED: JULY 29, 2022**

Appellant, Timothy Doerfer, appeals from the aggregate judgment of sentence of 60 to 120 months' incarceration, which was imposed after he pleaded *nolo contendere* to involuntary manslaughter, driving under the influence (DUI) with a high rate of alcohol, unlawfully operating an all-terrain vehicle (ATV) under the influence of alcohol, reckless driving, and operating an ATV on streets and highways.[1]  We affirm.

The facts underlying this appeal are as follows.

On September 16, 2019, at approximately 03:00 a.m., [Appellant] left a party after consuming copious amounts of alcoholic beverages, with a blood alcohol concentration between .10 and .159 percent.  [Appellant], despite his intoxicated state,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2504(a), 75 Pa.C.S. §§ 3802(b), 7726(a)(3), 3736(a), and 7721(a), respectively.

then elected to operate a black 2015 Polaris all-terrain vehicle[1] ("ATV"), on a public road even though this vehicle is designed for off-road purposes. The ATV in question did not provide adequate safety equipment for use on a public roadway. The victim in this matter, Hannah A. Wright ("Victim"), was a nineteen (19) year old female who was a passenger in the [Appellant's] vehicle. While operating the ATV, [Appellant] struck a deer while travelling at a speed of approximately 39 to 41 miles per hour. The collision caused the victim to be violently ejected from the ATV resulting in her death. [Appellant] also sustained serious injuries, where he was then transported to the hospital to receive medical treatment.

> [1] An ATV is defined as "[a] motorized off-highway vehicle which travels on three or more [off-highway] tires" . . . . 75 Pa.C.S. § 7702. With certain limited exceptions, "it is unlawful to operate . . . an ATV on any street or highway which is not designated and posted as . . . an ATV road by the governmental agency having jurisdiction." 75 Pa.C.S. § 7721(a).

Trial Court Opinion (TCO), 11/12/20, at 1-2 (unpaginated).

Appellant entered his plea to the above-mentioned charges on June 1, 2020, and the trial court sentenced him on July 31, 2020. The Appellant filed a post-sentence motion on August 11, 2020, which the trial court denied. Appellant filed a timely notice of appeal with this Court. The appeal was dismissed on May 11, 2021 for failure to file an appellate brief. Appellant filed a timely petition pursuant to the Post Conviction Relief Act (PCRA).[2] The trial court granted Appellant's PCRA petition and reinstated his appellate rights.

---

[2] 42 Pa.C.S. §§ 9541–9546.

*See* Order, 10/8/21. On November 8, 2021, Appellant filed this timely direct appeal.[3]

Appellant presents the following issue for our review:

Did the Court abuse its discretion by sentencing Appellant to the legal maximum with consecutive sentences on counts one (1) and six (6)?

Appellant's Brief at 5.

Appellant argues that the trial court abused its discretion in imposing a harsh and excessive sentence. Appellant's issue is a challenge to the discretionary aspects of his sentence and is therefore not appealable as of right. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018); *Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 184 (Pa. Super. 2016).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. Prior to reaching the merits of a discretionary sentencing issue[, w]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

---

[3] The trial court did not order Appellant to file a Pa.R.A.P. 1925(b) statement. On November 9, 2021, the trial court entered its opinion pursuant to Pa.R.A.P. 1925(a) and directed this Court to its previous opinion dated November 12, 2020.

*Commonwealth v. Manivannan*, 186 A.3d 472, 489 (Pa. Super. 2018) (quotation marks and some citations omitted). Appellant filed a timely notice of appeal, properly preserved this issue in a post-sentence motion and included a Rule 2119(f) statement in his brief. Appellant's Brief at 9.

Next, we turn to whether Appellant's Rule 2119(f) statement raised a substantial question that the sentence is not appropriate under the Sentencing Code.

> Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis.
>
> . . .
>
> We have found that a substantial question exists when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. . . . We cannot look beyond the statement of questions presented and the prefatory Rule 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Radecki*, 180 A.3d 441, 467–68 (Pa. Super. 2018) (citations, brackets, and quotation marks omitted).

In his Rule 2119(f) statement, Appellant avers, generally, that his sentence is manifestly excessive, and lists ten reasons in support of this claim, all as previously set forth in his Motion to Reconsider Sentence.[4] "An appellant

---

[4] Appellant's Rule 2119(f) statement lists ten reasons, many of which are repetitive, in support of his claim of a manifestly excessive sentence; they include the trial court's failure to consider mitigating factors such as age,
*(Footnote Continued Next Page)*

- 4 -

making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015). We find that Appellant raises a substantial question in his assertions that the sentence imposed was manifestly excessive because the trial court did not fully consider the mitigating factors presented by Appellant, the circumstances of the case, the sentencing factors found in 42 Pa.C.S. § 9721(b), or Appellant's age and rehabilitative needs. ***See Caldwell***, 117 A.3d at 770 ("an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.") (citation omitted); ***Commonwealth v. Riggs***, 63 A.3d 780, 786 (Pa. Super. 2012) (averment that court failed to consider relevant sentencing criteria, including the protection of the public, the gravity of the underlying offense and the rehabilitative needs of the defendant, raised a substantial question).

We turn then to the merits of Appellant's discretionary sentence issues. Appellant argues that the trial court failed to impose an individualized

---

employment, and lower prior record score, its reliance on impermissible factors, and its failure to consider relevant sentencing factors under the Sentencing Code. Appellant's Brief at 11-12. He further asserts that the presentence investigation report incorrectly set forth the mitigated and aggravated sentence ranges and that the trial court failed to explain why its deviation beyond the aggravated range was appropriate. ***Id***.

sentence because it did not consider that he was not driving at an unsafe speed, a deer ran out and collided with the ATV, and there were no accusations of reckless driving other than his drinking alcohol. Appellant's Brief at 15-16. In support of his contention that the trial court did not consider the factors in 42 Pa.C.S. § 9721(b), Appellant asserts that he did not incur any violations while on supervised bail, remained gainfully employed throughout the pendency of this case, and remained sober after the accident. *Id*. at 16. Appellant states that the trial court acknowledged his success in treatment but then stated that he was "only a bad day away from doing what you did to the [victim's family] to someone else." *Id*. at 17. Lastly, he argues that he had a minimal criminal record and was not a clear danger to society at any time before or during the pendency of the proceedings. *Id*. at 18.

We are guided by the following.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Lekka*, 210 A.3d 343, 350 (Pa. Super. 2019) (citation omitted).

"The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . the sentencing court sentenced outside the sentencing guidelines and the sentence is

- 6 -

unreasonable." 42 Pa.C.S. § 9781 (c)(3). "In all other cases, the appellate court shall affirm the sentence imposed by the sentencing court." *Id*. We note that where the sentencing court has the benefit of a presentence investigative report (PSI), "we can assume the sentencing court was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Radecki*, 180 A.3d at 471 (citation omitted).

In fashioning its sentence, "the court shall follow the general principle that the sentence imposed should call for total confinement that is consistent with . . . the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Additionally, "[i]n every case where the court imposes a sentence or resentence outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines to the commission[.]" *Id*. "Failure to comply shall be grounds for vacating the sentence or resentence and resentencing the defendant." *Id*.

This Court expounded that,

> [t]he statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense

as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

*Commonwealth v. Shull*, 148 A.3d 820, 836 (Pa. Super. 2016) (internal citation omitted, brackets in original). "[O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un*reasonable, we must affirm a sentence that falls outside those guidelines." *Id*. (citations omitted, emphasis in original). "A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular 'factual basis and specific reasons which compelled [it] to deviate from the guideline range.'" *Id*. (citation omitted).

At Appellant's sentencing hearing the trial court stated:

In considering your sentence, I am taking into account what you have just told me, the comments from [Appellant's attorney] and [] the Assistant District Attorney. I have reviewed the [PSI], including the Sentencing Guidelines, the criminal complaint, affidavit of probable cause. I have reviewed the report [] regarding your completion of their outpatient treatment program. I, again, read your letter, letters submitted on your behalf. The letter from your employer that was also submitted. Also, obviously before the court, I read the letters, the impact statements submitted by the family. . . . I read every word of those letters. I have been doing this for ten years. I have never been moved like I was when I read the families' letters in this matter. . . . The impact is devastating upon the family, obviously, but extended beyond that to the entire Titusville community. . . . It's one of the prime considerations the Court has to look at when fashioning a sentence, is just what type of impact a crime has had on the victims, the community. And, the letters that you and the others have submitted to me, leave no doubt in my mind about that. The impact [is] total and it's permanent.

N.T. Sentencing, 7/31/20, at 54-60.

The trial court stated to Appellant,

I don't think you had any intention to harm Hannah [the victim]. I also understand the nature of drug and alcohol addiction issues. But, at a certain point, reckless and grossly negligent conduct borders on the knowing and the intentional. You spent two days in jail in Tennessee in 2016 for a DUI. That was the first wake up call that you didn't answer. Despite that, May 20th, 2018, you were caught speeding down a highway, Route 27, with a blood alcohol concentration of .154 percent. . . . The second wake up call. That had to inform you, you had an issue. It's your second DUI in two years. You were speeding. You have got to get a handle on this. With those two warnings, two prior DUIs within a short period of time, . . . in September of 2018, you are back at it. Within four months of your last arrest, you are getting drunk, and you are getting behind the wheel. You were a 24 year old man with a history of DUIs, that should have known better.

. . .

Your actions on September 16, 2018 represented a total disregard for Hannah's safety. You are on an ATV, not a vehicle with the safety features, seat belts, the protection a car provides. You are drunk again. You are operating the four-wheeler on a highway that you are not permitted to be on.

*Id*. at 60-62.

The trial court acknowledged that Appellant had achieved some success in maintaining his sobriety and stated that it was taking into consideration Appellant's completion of outpatient treatment. *Id*. at 61-63. The court stated, "I am taking into consideration you have obtained good employment, and you have tried to move forward with your life." *Id*. at 61. The trial court recognized that Appellant wrote a letter and expressed remorse. *Id*. The court stated, "I have obviously taken into consideration the Sentencing

Guidelines.  However, this is not a case that calls for sentencing within those guidelines.  Not with the factors in this case." *Id*. at 64-65.

For the charge involuntary manslaughter, graded as a first-degree misdemeanor, the Appellant's offense gravity score was eight and his prior record score was one.  *See* Guideline Sentence Form.  The standard range recommended by the Sentencing Guidelines was 12-18 months' incarceration, plus or minus 9 months, the mitigated range started at 3 months and the aggravated range at 27 months.  *Id*.  For the charge of DUI, graded as a first-degree misdemeanor, the standard range was 90 days to 12 months' incarceration, plus or minus 3 months.  *Id*.  The mitigated range started at 90 days and the aggravated range at 15 months.  *Id*.  The statutory maximum for both charges is 5 years.  *See* 18 Pa.C.S. § 1104 (sentence of imprisonment for misdemeanor).  The trial court sentenced Appellant to 30 to 60 months' incarceration at each charge of involuntary manslaughter and DUI.

Appellant's argument that the mitigated and aggravated range of the Sentencing Guidelines that the trial court reviewed were incorrect is without merit.  Appellant argues that the PSI listed only the lowest minimum possible in the mitigated range, and the highest possible in the aggravated range as opposed to the range available to the court.  Appellant does not allege the sentencing guidelines the trial court reviewed were erroneous; in fact the mitigated and aggravated range minimums reviewed by the trial court were correct.  *See Commonwealth v. Griffin*, 804 A.2d 1, 8 (Pa. Super. 2002) (citation omitted) ("When the record demonstrates that the sentencing court

was aware of the guideline ranges and contains no indication that incorrect guideline ranges were applied or that the court misapplied the applicable ranges, we will not reverse merely because the specific ranges were not recited at the sentencing hearing.").

Upon our thorough review of the record, we do not find that the sentence imposed here was "unreasonable." 42 Pa.C.S. § 9781(c)(3). The trial court adequately considered the rehabilitative needs of Appellant, as it received, reviewed, and considered the PSI. N.T. Sentencing, 7/31/20, at 55; *see* *Radecki*, 180 A.3d at 471 (citation omitted). The court sufficiently considered the gravity of the offense as it related to the victim and the community when it described the devastating impact the offense had on the victim's family and the entire community. N.T. Sentencing, 7/31/20, at 55-59. The trial court also adequately considered the protection of the public, noting that Appellant operated an ATV without safety equipment, while drunk and within 4 months of his last DUI charge. *Id*. at 62-63. Appellant's arguments that the trial court failed to consider his rehabilitative needs and the sentencing factors in 42 Pa.C.S. § 9721(b) are thus without merit. *See* *Commonwealth v. Walls*, 926 A.2d 957, 966-68 (Pa. 2007) (holding that trial court adequately considered the factors in 42 Pa.C.S. § 9721(b) and so long as trial court imposed individualized sentence that was reasonable, there was no abuse of discretion).

To the extent Appellant argues that the trial court "relied [too] heavily" on his history of DUI convictions, Appellant's Brief at 13, we disagree and find

that the trial court adequately considered the circumstances of the offense and Appellant's criminal history in fashioning the sentence. It did not solely rely on Appellant's history of DUIs or on the traffic violations committed during the offense. *See Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) ("It is impermissible for a court to consider factors already included within the sentencing guidelines as the *sole* reason for increasing or decreasing a sentence to the aggravated or mitigated range. Trial courts are permitted to use prior conviction history and other factors already included in the guidelines *if, they are used to supplement other extraneous sentencing information*.") (citation omitted and emphasis in original). Therefore, Appellant's arguments that the trial court double-counted the traffic violations and impermissibly relied on his DUI history are without merit.

Lastly, Appellant's argument that the trial court failed to provide sufficient reasoning for its deviation from the aggravated range is without merit. The trial court stated that it considered the sentencing guidelines and the record shows that the trial court thoroughly explained its reasons for deviation from the guidelines during Appellant's sentencing hearing. N.T. Sentencing, 7/31/20, at 54-69; *see Commonwealth v. Smith*, 206 A.3d 551, 568-69 (Pa. Super. 2019) (affirming outside guideline and aggravated range sentences where trial court considered PSI, appellant's rehabilitative needs, need to protect community, and nature and gravity of offense); *Commonwealth v. Allen*, 24 A.3d 1058, 1065 (Pa. Super. 2011) (sentences imposed for DUI and involuntary manslaughter—which were in aggravated

range of guidelines and at the statutory maximum—were not excessive or unreasonable where the court's comparison of appellant to "a loaded gun" and stating that he was an accident "waiting to happen" were passing remarks and were not the sole considerations in imposing sentence; trial court additionally considered PSI, heard testimony from the defendant and victim's mother, considered gravity of the offense and protection of the public, and considered fact that appellant's history indicated a lack of rehabilitation as he had not learned from prior offenses).

Here, the trial court adequately considered the sentencing factors in 42 Pa.C.S. § 9721(b) and mitigating factors related to Appellant, did not solely rely on the traffic violations or Appellant's history of DUIs, and placed its reasons for deviation from the Sentencing Guidelines on the record. We conclude, therefore, that the trial court acted within its discretion in imposing the sentence. Based on the foregoing, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/29/2022